COPY

**KRALIK & JACOBS LLP**
LOIS MOONITZ JACOBS, NO. 106537
e-mail: lois.jacobs@kralikjacobs.com
35 North Lake Avenue, Suite 620
Pasadena, California 91101
Telephone: (626) 844-3505
Facsimile: (626) 844-7643

Attorneys for Defendant
Secured Bankers Mortgage Company, dba
SBMC Mortgage

FILED
CLERK, U.S. DISTRICT COURT
NOV 19 2009
11-26
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSEPH BAZO, a.k.a., JOE BAZO, VERENA BAZO, <br><br> Plaintiffs, <br><br> vs. <br><br> SAXON MORTGAGE SERVICES, INC.; SBMC MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; T.D. SERVICE CO.; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, A DIVISION OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY' LAKE TWO, LLC; DOES 1 Through 50, Inclusive, <br><br> Defendants. | Case No. <br><br> CV09-8515 MMM FMOx <br><br> **NOTICE OF REMOVAL OF ACTION BY DEFENDANT SECURED BANKERS MORTGAGE COMPANY UNDER 28 U.S.C. § 1441** <br><br> (FEDERAL QUESTION JURISDICTION; 28 U.S.C. § 1331) |

-1-

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS**

2    **HEREIN AND THEIR COUNSEL:**

3        **PLEASE TAKE NOTICE** that defendant Secured Bankers Mortgage

4    Company, doing business as SBMC Mortgage ("SBMC"), hereby removes to this

5    Court the action described below from the Superior Court of the State of California

6    for the County of Los Angeles on grounds of federal question jurisdiction under 28

7    U.S.C. § 1331 as follows:

8        **1.**    <u>**The Action:**</u>

9
10       On or about October 15, 2009, Plaintiffs Joseph Bazo and Verena Bazo

11   ("Plaintiffs") commenced an action in the Superior Court of the State of California

12   for the County of Los Angeles (the "Superior Court") entitled *Joseph Bazo, a.k.a.,*

13   *Joe Bazo, Verena Bazo vs. Saxon Mortgage Services, Inc.; SBMC Mortgage;*

14   *Mortgage Electronic Registration System, Inc.; T.D. Service Co.; Old Republic*

15   *Default Management Services, a division of Old Republic National Title Insurance*

16   *Company; Lake Two, LLC; Does 1 through 50, Inclusive,* Case Number

17   YC 060827.

18       **2.**    <u>**Basis for Removal:**</u>

19       This action is a civil action over which this Court has original jurisdiction

20   under 28 U.S.C. § 1331, and is one that may be removed to this Court by SBMC

21   pursuant to 28 U.S.C. § 1441(a) and (b) in that, in relevant part, it arises under

22   federal law based on Plaintiffs' purported Seventh Cause of Action under the

23   federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), as well as their

24   purported Fifteenth Cause of Action for Rescission, which is also based upon

25   TILA and federal regulations enacted thereunder.  In addition, Plaintiffs' purported

26   Third Cause of Action for Unfair Debt Collection Practices arise under federal law

27   in that it is based in part upon the federal Fair Debt Collection Practices Act, 15

28   U.S.C. § 1692 *et seq.*

**NOTICE OF REMOVAL OF ACION BY DEFENDANT SECURED
BANKERS MORTGAGE COMPANY UNDER 28 U.S.C. § 1441**

1    The Court has supplemental jurisdiction over the state law claims alleged by
2  Plaintiffs as those claims are so related to the alleged federal claims that they form
3  part of the same case or controversy pursuant to 28 U.S.C. § 1367(a), and grounds
4  for declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(1) or (2) do not
5  exist.

6    Alternatively, this case is removable under 28 U.S.C. § 1441(c) as the claims
7  arising under federal law could be considered separate and independent claims
8  within the jurisdiction conferred by 28 U.S.C. § 1331 and have been joined with
9  one or more otherwise non-removable state law claims, making the entire action
10  removal to this Court.

11    **3.    Service of Process on SBMC:**

12    SBMC was personally served with process in this case on or after October
13  22, 2009.  A copy of the Summons, Complaint and accompanying documents
14  served on SBMC are attached hereto as Exhibit A (with loan and title order
15  numbers redacted therefrom).  Attached hereto as Exhibit B is the Amended
16  Summons, First Amended Complaint and accompanying documents served on
17  SBMC on or about November 5, 2009 (with loan and title order numbers redacted
18  therefrom).  These are all process, pleadings, orders, and other documents filed in
19  the Superior Court that SBMC has obtained.  SBMC will respond to the First
20  Amended Complaint in accordance with Federal Rule of Civil Procedure
21  81(c)(5)(C).

22    **4.    Joinder of Other Defendants Served with Process:**

23    To the best of SBMC's knowledge, as of the filing of this Notice, Defendant
24  T.D. SERVICE COMPANY is the only other defendant who has been served with
25  the summons and complaint in this action.  This defendant has agreed to join in
26  this Notice and its Joinder is separately filed herewith.

27
28

-3-

**5.    Other Defendants Who Have Not Yet Been Served with Process:**

SBMC is informed and believes, based on a good faith and diligence effort by its counsel to contact each defendant, that as of the filing of this Notice, defendants Saxon Mortgage Services, Inc., Mortgage Electronic Registration System, Inc., Old Republic Default Management Services, a division of Old Republic National Title Insurance Company, and Lake Two, LLC have not been served with the summons and complaint in this action.  According to the information provided by the Superior Court's website, no proofs of service of the summonses to these defendants have been returned to the Superior Court.  Should any of these defendants have in fact been served with process in the matter, SBMC will promptly obtain and file their joinders in this Notice.

**6.    Notice to Adverse Party and Superior Court:**

A copy of this Notice of Removal will be served on Plaintiffs and filed with the Clerk of the Superior Court in accordance with 28, U.S.C § 1446(d).  A copy of the Notice to the Superior Court and to Plaintiffs (without exhibits) that will be served and filed is attached hereto as Exhibit C.

WHEREFOR, pursuant to 28 U.S.C. § 1446, this action shall be removed to this Court upon the filing of this Notice of Removal with this Court and with the Superior Court of the State of California for the County of Los Angeles.

Dated:  November 19, 2009              KRALIK & JACOBS LLP
                                        Lois Moonitz Jacobs


                              By: _____
                                        Lois Moonitz Jacobs
                                        Attorneys for Defendant
                                        Secured Bankers Mortgage
                                        Company, dba SBMC Mortgage

NOTICE OF REMOVAL OF ACION BY DEFENDANT SECURED
BANKERS MORTGAGE COMPANY UNDER 28 U S C § 1441

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** SAXON MORTGAGE SERVICES INC
SBMC MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC; T.D. SERVICE CO; OLD REPUBLIC DEFAULT
MANAGEMENT SERVICES, A DIVISION OF OLD REPUBLIC

**YOU ARE BEING SUED BY PLAINTIFF:** NATIONAL TITLE INSURAN
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** CE COMPANY LOKE
TWO, LLC; DOES 1
JOSEPH BAZO a.k.a.
Through 50 Inclusive
Joe Bazo; Verena Bazo

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es): Superior Court of the
State of California; Southwest Judicial
District, Torrance courthouse, 825 Maple Street, Torrance CA. 90503

CASE NUMBER:
(Número del Caso):

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Law Office of Edward Lopez, APC 14640 Victory Blvd. Ste 215
Von Nuys CA. 91411. (818) 901. 6598

DATE:                              Clerk, by                          , Deputy
(Fecha)                           (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  one: (818) 901-6598
   Facsimile: (818) 901-6098
2  email: elopez317@aol.com

3  Attorney for Plaintiffs
   JOSEPH BAZO, VERENA BAZO
4

5              SUPERIOR COURT OF THE STATE OF CALIFORNIA
6
               COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT
7

8  JOSEPH BAZO, a.k.a., JOE BAZO,        )  Case No.
9  VERENA BAZO,                          )
                                         )  COMPLAINT FOR:
10            Plaintiffs,                 )
                                         )  1. BREACH OF CONTRACT
11 vs.                                    )  2. BREACH OF IMPLIED COVENANT
                                         )     OF FAIR DEALING ORAL CONTRACT
12 SAXON MORTGAGE SERVICES,             )  3. UNFAIR DEBT COLLECTION
   INC.; SBMC MORTGAGE;                  )     PRACTICES
13 MORTGAGE ELECTRONIC                   )  4.. PREDATORY LENDING PRACTICES,
   REGISTRATION SYSTEM, INC;.            )  5.  UNJUST ENRICHMENT;.
14 T.D. SERVICE CO.; OLD REPUBLIC        ).  6. VIOLATION OF BUSINESS AND
   DEFAULT MANAGEMENT                    )     PROFESSIONS CODE, SECTIONS
15 SERVICES, A DIVISION OF OLD           )     17200, et seq.
   REPUBLIC NATIONAL TITLE               )  7.  VIOLATIONS OF T.I.L.A.
16 INSURANCE COMPANY' LAKE               )  8.  VIOLATION OF STATE
   TWO, LLC; DOES 1 Through 50,          )     REGULATION RESTRICTED FEES
17 Inclusive,                            )  9.  VIOLATION OF SECTIONS 2924, 2945,
                                         )     & 2937 of CALIFORNIA CIVIL CODE;
18            Defendants.                 )  10. FRAUD;
                                         )  11.. CONSPIRACY TO DEFRAUD;
19                                        )  12.. INTENTIONAL
                                         )     MISREPRESENTATIONS;
20                                        )  13. TRUSTEE'S SALE IS NULL
                                         )     AND VOID;
21                                        )  14. CONSTRUCTIVE FRAUD
                                         )  15. RESCISSION.
22                                        )  16. DECLARATORY RELIEF
                                         )  Assigned for all Purposes to the Hon.
23                                        )           , Dept

24      Complainants, JOSEPH BAZO, a.k.a., JOSE BAZO and VERENA BAZO ,

25 (hereinafter referred to as "Plaintiffs"), for their Complaint, against defendants, and each

26 one of them, alleges as follows:

27                                    I.

28                                **PARTIES**

                                  Complaint
                                      1

1.     Plaintiffs, are and at all times herein mentioned herein were individuals residing in the County of Los Angeles, State of California.

2.     Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times herein mentioned, defendant SAXON MORTGAGE SERVICES. INC., (hereinafter referred to as "SAXON") is a a corporation organized under the laws of the State of Texas, with a business address at 4708 Mercantile Drive, North, Dallas, Texas 76137,.and authorized to do business and registered as a Corporation with the Secretary of State of California.

3.     Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times herein mentioned, defendant SBMC MORTGAGE, (hereinafter referred to as "SBMC") is a business organization, form unknown and not registered as a Limited Partnership with the Secretary of State of California.  On information and belief, Plaintiffs allege that SBMC was a Limited Partnership organized under the laws of the State of California, with a business address at 14761 Caliifa Street, Van Nuys, CA 91411.

4.     Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times herein mentioned, defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEM (hereinafter referred to as "MERS"), was a corporation for doing business in the State of California and at this time has been suspended as a corporation by the Secretary of State of California.

5.     Based on information and belief, Plaintiff alleges that MERS was a shell entity which was made up of a group of members, primarily loan originators, such as defendants, used to facilitate the "flipping" of loans, to a secondary mortgage market entity, who then packages the loans as part of a mortgage packaged trust.

6.     Plaintiff further alleges that MERS members decided it was too costly to pay recording fees in loans that might be flipped numerous times , MERS was chosen as *nominee* for the lender and its assigns in these deeds of trust, for the purpose of immobilizing the mortgage lien while transfers of the promissory notes and servicing

1  rights could continue to occur without the expense of recordation.

2      7.    T.D. SERVICE COMPANY.(hereinafter referred to as "TD", is a corporation

3  organized under the laws of the state of California and registered as a Corporation with the

4  Secretary of State of California.  On information and belief, was a corporation organized

5  under the laws of the State of California, business address at 1820 East First Street, Suite

6  200, Santa Ana, CA 92705. On information and belief, Plaintiff alleges that TD was

7  formed to take over the role of MERS after MERS was suspended and apparently

8  dissolved.

9      8.    Plaintiffs are informed and believe, and based upon such information and

10  belief allege, that at all times herein mentioned, defendant OLD REPUBLIC DEFAULT

11  MANAGEMENT SERVICES, (hereinafter referred to as "OLD DEFAULT") is a

12  business organization, form unknown, not registered with the Secretary of State of

13  California.  On information and belief, Plaintiffs allege that OLD DEFAULT had a

14  business address at 500 City Parkway West, Suite 200, Orange, CA 92868..

15      9.    On information and belief, Plaintiffs allege that OLD DEFAULT is a Division

16  of defendant OLD REPUBLIC NATIONAL TITLE. INSURANCE COMPANY

17  (hereinafter referred to as "OLD REPUBLIC"), is a Corporation organized under the laws

18  of the State of California and registered with the Secretary of State as such.  On

19  information and belief, Plaintiffs allege that OLD REPUBLIC's business address is 400

20  Second Avenue South, Minneapolis, MN 55401..

21      10.    Plaintiffs are informed and believe, and based upon such information and

22  belief allege, that at all times herein mentioned, defendant LAKE TWO, LLC, is a limited

23  liability company organized under the laws of the State of California and authorized to do

24  business in the State of California, with an address of P. O. Box 1065, Burbank, CA

25  91507..

26

27      11.    The Defendants (each of them named in paragraphs 1 through 6 above, shall

28  collectively be referred to as "DEFENDANTS") named therein "all persons unknown",

<center>Complaint</center>

<center>3</center>

<center>- 8 -</center>

claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint averse to Plaintiff's title thereto and as DOES 1 through 50 (hereinafter referred to as "UNKNOWN DEFENDANTS") are unknown to Plaintiffs. These unknown Defendants and each of them claim some right, title, estate, lien or interest in the Property hereinafter described adverse to Plaintiff's title and their claims and each of them constitue a cloud on Plaintiff's title to the Property. Plaintiff is informed and therefore believes, and on that bases alleges that each fictitiously named hereto as a DOES is responsible for the events happening thereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictitiously named Defendant's when ascertained.

12. Plaintiff is informed and believe and on that basis allege that at all times mentioned herein the UNKNOWN DEFENDANTS are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers abd b=co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiff is informed and therefore and on that bases allege that each of said Defendants is and at all relevant times herein, was acting within the scope and consent of the remaining named and unnamed Defendants

13 Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/o employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity..

14. Plaintiff is informed and believes, and based upon such information and belief alleges, that defendants, and each of them, are responsible in some manner for the occurrence herein alleged, and that plaintiff's damages as herein alleged were proximately caused by defendant's conduct.

15.    Whenever and wherever reference is made in this FAC to any act by a defendant or defendants, such allegation and reference shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly and severally.

16.    As a result of their mortgage activities, Defendants and each of them are and were subject to and must comply wi the Federal Truth In Lending Act (hereinafter referred to as "TILA"0 [15 U.S.C. section 1601-16666j] and with the Act's corresp9nding Regulation Z (hereinafter referred to sd "RegZ") [24 C.F.R section 3500.17]; the Reas Estate Settlement Procedure Act (hereinafter referred to as "RESPA")[12 U.S.C. section 2601 et seq.]; California Business and Professions Code section 17200; Federal Trade Commission section 5; 24 Code of Federal Regulations section 3500.10; Unfair and Deceptive Business Practices and Acts [UDAP Statutes]; and California Civil Code sections 1916.7 - [multiple sections]; section 1537; sectuib 1918-21; section 337; and section 226.23(3).

## II.

## JURISDICTION AND VENUE

17.    The above-entitled Court is the proper Court for this action as the action was commenced in this court and all parties are subject to the jurisdiction and venue of this Court.   The Subject Property is located within the County of Los Angeles.

## III.

## GENERAL ALLEGATIONS

18.    Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

19.    For years, mortgage brokers and lenders have been selling loan products that they knew or should have known would never bee able to be repaid by the borrower and would prevent borrowers from ever actually owing the home.  Instead, borrowers were offered interest-only, negative amortization, and/or other sub-rime loan prodcts that

1   amounted to no more than a short term lease until the payments became so unaffordable
2   that the borrowers are now faced with either bankruptcy or foreclosure. The housing
3   bubble of the past decade was created by predatory lending practices, such as charging
4   excessive fees, incorporating payment penalties, negative amortization payments, or other
5   abusive terms in the agreements, providing kickbacks to brokers, flipping loans, using
6   balloon payments to conceal the true burden of the financing, requiring unnecessary
7   insurance and other products, including mandatory arbitrations clauses, steering borrowers
8   to sub-prime loans when they qualify for conventional loans, and using bait and switch
9   tactics. All were rampant within the industry without oversight or good judgment and
10  found to be inconsistent with important national objectives, including the goals of facir
11  access to credit, community development, an d stable home ownership by the broadest
12  spectrum of America. Rather than offering a loan product that was biable and long-term
13  for the borrower and lender, brokers and lenders greedily sold whatever they could get
14  away with, arguably the primary catalyst for what is now this country's worst economic
15  crisis since the Great Depression.

16      20.    The loan product sold to Plaintiffs in this ase was exactly the kind of loan
17  that has contributed to our national problem. The Defendants were aware of this trend,
18  and possessed the foresight to advise Plaintiffs of this risk. They intentionally concealed
19  the negative implications of the loan they were offering, and as a result , Plaintiffs face the
20  potential of losing her home to the very entity and entities who placed them in this
21  position.

22      21.    On July 2002, Plaintiffs purchased the property at 24968 Eshelman Avenue,
23  Lomita, CA 90717 (hereinafter referred to as "the Property"). The lender was People
24  Choice and the purchase loan was in the approximate sum of sum of $175,000.00.
25  Subsequently, Plaintiff re-financed the property, with Indymac Bank as the lender

26      22.    Believing that she could obtain better financing and better loan terms,
27  Plaintiff decided to re-finances the Property on or about July 2007. The lender for this re-
28  financing was defendant SBMC. Plaintiffs entered into the re-financing contract, by

1 signing a promissory note that evidenced the debt to the new lender. Plaintiffs also signed
2 a Deed of Trust, a security instrument that was to guarantee payment of the note and to be
3 alien against the property once it was recorded.

4       23.   The financing for the property with SBMC, consisted of a loan for the sum of
5 $503,200.00. The loan was secured by an Initial Interest Adjustable Rate Note for a term
6 of ten years, where the monthly payments were for interest only. Under the terms of the
7 Note, after five years, the interest would be adjusted in accordance with the Louden
8 Interbank Offered Rate (LIBOR) and at the end of ten years, Plaintiffs would star to make
9 payments of the principal plus interest at a rate to be determined by LIBORt. Thus,
10 Plaintiffs would be making interest only payments for a term of ten years, which at the end
11 of five years, would be adjusted to a rate that could be considerably higher that the initial
12 rate of 5.75%. The note is appended herein as Exhibit "1".

13      24.   In addition o the Note, Plaintiffs executed a Deed of Trust, to secure the
14 Note, for the same amount. The parties to the Deed of Trust were Plaintiffs as Trustors,
15 SBCM as lender; T.D. SERVICE CO. as Trustee and Mortgage Electronic Registration
16 System ("MERS") as beneficiary.. As mentioned above, MERS was a shell composed of
17 loan originators, such as defendants, to facilitate the "flipping" of loans, to a secondary
18 mortgage market entity, who then packages the loans as part of a mortgage packaged trust.

19      25.   Plaintiffs further alleges that MERS members decided it was too costly to pay
20 recording fees in loans that might be flipped numerous times , MERS was chosen as
21 *nominee* for the lender and its assigns in these deeds of trust, for the purpose of
22 immobilizing the mortgage lien while transfers of the promissory notes and servicing
23 rights could continue to occur without the expense of recordation. The promissory note
24 and deed of trust were executed on or about July 19, 2007and recorded on July 27, 2007...
25 A copy of the Deed of Trust is appended herein as Exhibit "2".

26      26.   After making payments on the loan for approximately 9  months, plaintiff's
27 earnings diminished considerably and her general financial situation deteriorated  to the
28 extent that she was unable to meet their obligations, including payment on the loan.

27.    On or about January 23, 2009, plaintiff received a document entitled Notice of Trustee's Sale, dated January 20, 2009. The document states that the Trustee's Sale of the property was scheduled for February 13, 2009. This was the first official document received by Plaintiff informing Plaintiffs that they had defaulted in their loan. Plaintiff never received documentation informing them that she had defaulted on their loan. A copy of the Notice of Trustee's Sale is appended herein as Exhibit "3". Plaintiffs contacted SAXON, who was the servicer under the loan, in a good faith attempt to have her loans modified so that she could continue making payments on hr loan and salvage her credit.

28.    Modification negotiations started and several attempts were made to have it modified. However, not even with the intervention of an attorney, were Plaintiffs able to obtain a true and genuine modification that would enable them to make payments on the loan. It was apparent that SAXON was negotiating in good faith and lacked final authority to offer a modification in terms that Plaintiffs could live with. SAXON was only the servicer of the loan and lacked authority to accord a true modification that would not increase the amount the Plaintiffs and at the same time satisfy the investor.

29.    The modification proposed by SAXON did not improve the existing loan condition for Plaintiffs. In fact, the proposed modification increased the principal and would extend the period of time required for the payment of the loan. In essence, it was no modification at all. Subsequently, the property was sold pursuant to the power of sale in the Deed of Trust on or above August 24, 2000. The property was purchased by Defendant LAKE TWO..

30.    Plaintiffs did not receive notice of the sale not copies of the Trustee's Deed of Sale and had no way to know who the buyer of the property was at the non-judicial sale, what price was paid for the property, who was the Trustee that conducted the sale, whether the authorized Trustee conducted the sale and whether the sale was conducted as a public auction pursuant tp the provisions of Civil Code provisions regulating non-judicial sales and public auctions. All of the aforementioned acts were done In violation of section 2934, et al of the Civil Code.

31.     Subsequently Plaintiff learned that the property had been purchased LAKE TWO at the non-judicial sale on August 24, 2009 for $406,000.00. Plaintiffs allege that the sale did not conform to the requirements of the Civil Code regulating public auctions..The Trustee that conducted the sale was OLD DEFAULT, who purportedly had been  substituted as Trustee by MERS, when MERS, being merely a shell corporation, had no authority whatsoever to do so because MERS had no legal interest in the property nor in its title. All of the aforementioned acts were done In violation of section 2934, et al of the Civil Code.

32.     The terms of the finance transaction with SBCM are not clear or conspicuous, nor consistent, and are illegal, and include, for example, a "Pick & Pay" Payment Option on an Adjustable Rate Mortgage loan, which violates several statutes and in essence creates an illegal loan.  Further, this loan was underwritten without proper due diligence by SBCM as evidenced by their failure to verify borrower's income utilizing signed IRS income Tax Disclosures Form 4506T which would have provided past borrower tax returns.  SBCM also used a " GDW Cost of Savings" as the Index for the basis of this loan, because the Lender controls this Index and it is directly based upon the average rate of interest lending institutions such as SCBM who exercise control over the mortgage rate on interest.

33.     In addition, and unbeknownst to Plaintiffs, SBCM illegally, deceptively and/or otherwise unjustly, qualified Plaintiff for a loan which SBCM knew or should have known that Plaintiffs could not qualify for or afford by, for example, the underwriter has approved this loan based upon credit scores and the borrower's Stated Income only.  Had SBCM used a more accurate and appropriate factor, such as Tax  Forms and a more determinative level of scrutiny of determining the debt to income ratio, Plaintiff would not have qualified for the loan in the first place.  Consequently, SBCM sold Plaintiff a loan product that it knew or should have known would never be able to be fully paid back by Plaintiff.  SBCM ignored long-standing economic principles of underwriting and instead, knowingly, liberally, greedily and without any regard for Plaintiff's right, sold Plaintiff a

1   deceptive loan product.

2       34.    There was no determination of the ability of the borrower to repay the loan,

3   with complete disregard for the Guidance Letters issued by Federal Agencies and even

4   Federal and State Law.

5       35.    Defendants, and each of them, neither explained the workings of the entire

6   mortgage loan transaction, how the rates, finance charges, costs and fees were computed,

7   nor the inherent volatility of the loan product provided by Defendants.

8       36.    The purpose of entering into the above-described mortgage loan transactions

9   was for Plaintiffs improve their financing and eventually own the property. That purpose

10  was knowingly and intentionally thwarted and indeed made impossible by Defendant's

11  actions alleged herein.

12      37.    Plaintiffs are informed and believe and therefore allege that Defendants did

13  not comply with the requirements to provide Plaintiff with a Mortgage Loan Origination

14  Agreement.

15      38.    Plaintiffs are informed and believe and therefore allege that the underwriter

16  approved this loan based only upon a stated income and a medium to high risk credit score

17  and a belief that the property would continue to increase in value and that the Plaintiff

18  should have been declined for this loan.

19      39.    Plaintiffs were informed and believe and therefore alleges that based on a

20  Real Income Analysis, with the type of take home income Plaintiff possess and that was

21  clearly disclosed to defendants, that the borrower would not be able to support the home

22  payment over an extended period.

23      40.    Plaintiffs are informed and believes and therefore alleges b the very use of

24  London Interbank Offered Rate (:LIBOR") as the Index for the basis of this loan, SBCM

25  is in violation of this subsection (CA CIV section 1916.7 10 © *INDEX*) because the Index

26  is controlled by banking and lending institutions, such as the Lender herein and it is

27  directly based upon the average rate of interest the Lender and other lending institutions. .

28      41.    Plaintiffs are informed and believe and therefore allege that Defendants

Complaint
10

failed to provide Plaintiff with written notice of the furnishing of negative credit information about Defendants furnished such negative credit information about Plaintiff.

42.    Plaintiffs are informed and believe and therefore allege that a California Insurance Disclosure as mandated by law was not provided to the Plaintiffs prior to the consummation of this loan.

43.    Plaintiffs are informed and believes and therefore alleges that Defendants breached their fiduciary duty to Plaintiff because they knew or should have known that the Plaintiffs will or had a strong likelihood of defaulting on this loan, they have a fiduciary duty to the borrower to not place her in that loan (in harms way).

44.    Plaintiffs are informed and believe and therefore alleges that it was in the best interest of the Defendants to promote the particular program for which they approved the Plaintiff. It led to a maximization of profits for the Defendants, with no concerns for the Plaintiff's financial position or livelihood.

45.    Plaintiffs are informed and believe and therefore allege that as a result of the practices of Defendants, and each of them throughout the handling of this loan, that such practices are consistent with the definition of predatory lending, and encompass numerous characteristics that indicate such.

46.    Plaintiffs are informed and believe and therefore allege that Defendants engaged in unlawful , unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising in violation, rising to unfair and deceptive business practices, in violation of California Business and Professions Code section 17200 and the Unfair and 'Deceptive Acts and Practices statutes.

47.    Plaintiffs are informed and believe and therefore allege that SBCM was required to provide for an Open Ended Credit Plan, including a 15-year table showing the effects of the index used on loan payments.  However it failed to provide such plan or advis

IV

Complaint

11

## FIRST CAUSE OF ACTION

### (Breach of Contract)

(Against All Defendants)

48.     Plaintiffs incorporate by reference and re-allege the each of the allegations contained in Paragraph 1 through 47, inclusive, as though fully set forth in this First Cause of Action.

49.     On or about July 2007, plaintiffs entered into an oral agreement with SAXON and SBCM where SAXON and SBCM would negotiate with plaintiff for a modification of the loans on the property. The purpose of this agreement was to alleviate Plaintiff's financial burden and enable her to make payments she could better afford and avoid a foreclosure on the property. Provident would benefit from the modification by receiving regular payments from Plaintiff under a better financial restructuring their loan. The common purpose for both parties was to avoid a foreclosure of the property that would benefit both parties

50.     In reliance of Defendant's representations, Plaintiff engaged in negotiations with Defendants. Modification negotiations started on or about November 2008, between plaintiff's designated agent and Defendants. SAXON, the loan servicer did not have the complete to modify the loan. It was apparent that the investor did not want to have the loan modified..

51.     It is patently clear that Defendants did not want to modify Plaintiff's loan from the very beginning of the negotiations. Based on Defendant's conduct all throughout the negotiations that they never truly intended to modify the loan, a clear breach of the agreement.

52.     After months of negotiations with Plaintiffs, Defendants had the property sold in a non-judicial sale without giving proper notification to Plaintiffs. Had SAXON and SBCM communicated its true intentions of not modifying the loans, Plaintiffs could had taken other protective measure to save her home from a non.-judicial sale. Her inaction in doing so was the result of her reliance of Defendant's promise of negotiation in

good faith for a loan modification.

53.   Plaintiffs fully performed all the acts and conditions require by the oral contract to be performed on their part, except as to those acts that have been prevented, delayed, or excused by acts or omissions of defendants...

54.   In breach of the agreement, defendants failed and refused to perform all the acts and conditions required by the agreement to be performed on their part, including without limitation, their promise to engage in good faith negotiations for the modification of the loans, failure to notify plaintiffs of the date and place of the trustee's sale of the property, and inducing plaintiffs to stop making payments on the loan with the implied promise it was going to be renegotiated..

55.   As a direct and proximate result of the aforementioned acts, plaintiffs have been damaged in an amount according to proof at the time of trial, but at least $250,000.00, consequential damages, interest and attorney's fees.


V

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith

### And Fair Dealing Oral Contract)

(Against All Defendants)

56.   Plaintiffs incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1 through 55, inclusive, as though fully set forth in this Second Cause of Action.

57    The agreement contains an implied covenant of good faith and fair dealing obligating Defendants to act fairly and in good faith to guarantee performance of the agreement, to avoid destroying or injuring cross-complainant rights to enjoy the benefits of the agreement, and to do everything that the agreement presupposes will be done to accomplish its purposes.

58.   Provident breached the implied covenant of good faith and fair dealing by

failing and refusing in bad faith, to perform all the acts and conditions required by the agreement to be performed on his part, including without limitation, their promise to engage in good faith negotiations with Plaintiffs, failure to notify plaintiffs of the date and place of the trustee's sale of the property, and inducing plaintiffs to stop making payments on the loan with the implied promise that the loans were going to be renegotiated..

59.    As a direct and proximate result of the aforementioned acts, plaintiffs have been damaged in an amount according to proof at the time of trial, but at least $250,000.00, consequential damages, interest and attorney's fees..

## VI.

## THIRD CAUSE OF ACTION

### (Unfair Debt Collection Practices)

### (Against All Defendants)

60.    Plaintiffs re-allege paragraphs 1 to 59 as fully set forth herein.

61.    SBCM, SAXON and Does 1 to 3, were, at all times mentioned in this complaint, debt collectors acting in such a capacity in attempting to collect the debt owed by Plaintiffs.. Upon information and belief, Plaintiffs allege that Defendants refused to negotiate with Plaintiffs when they attempted to have SAXON modify or re-structure the loans. Instead, Defendants informed them that their only option was to make all accrued payments forthwith and denied their good faith effort for a loan modification. .

62`.    These actions by Defendants are in violation California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code section 1788(e) and (f), and the Federal Debt Collections Act, 15 U.S.C, Title 41, Subchap. V, sections 1692, *et seq*, and the Real Estate Settlement Procedures Act (RESPA), 23 U.S.C. sections 250101617.

63.    As a legal and factual result of defendants wrongful acts pursuant to the their unfair debt collection practices herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

VII.

## FOURTH CAUSE OF ACTION

### (Predatory Lending Practices)

(Against All Defendants)

64.    Plaintiffs re-allege all paragraphs 1 to 63 as if fully set forth herein.

65.    Predatory lending is a term generally used to characterize a range of abusive lending practices, including deception or fraud, charging excessive fees and interest rates, making loans without regard to a borrower's ability to repay, or refinancing loans to incur additional fees without economic gain to the borrower. Predatory lending is most likely to occur in the rapidly growing "supreme mortgage market, which is a market generally providing access to borrowers wit impaired credit, limited income, or high debt relative to their income.

66.    The loans that Defendants induced Plaintiffs to enter into were predatory in nature. Both loans called for payment of interest only for the first five years. The principal loan wold change the interest rate and increase it to a variable rate. hese loans are a perfect example of predatory lending practices at its worst and egregious violations and laws and regulations against predatory lending.

67.    Plaintiffs allege that all Defendants herein applied and used predatory lending practices in the aforementioned loan by charging excessive fees and making him incur excessive costs. Defendants did not inform complainants of all of the fees and costs that the refinancing would cost and knew of his limited income, thus engaging in predatory lending practices. Further, Defendants knew that the amount refinanced created a high debt relative to Plaintiff's income. This conduct by defendants was fraudulent and deceptive and in violation of California Finance Code sections 4970-4979.8 (Division 1.6)

68.    As a legal and factual result of Defendants wrongful acts pursuant to the their predatory lending practices herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

VIII

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

(Against All Defendants)

69.     Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 68, inclusive as though fully set forth herein.

70.     In committing the wrongful act and omissions complained of herein, Provident has been unjustly enriched at the expense of Plaintiff in an amount to be proven at trial, but in excess of the jurisdictional minimum. Plaintiff's damages include damages resulting from the loss of her home through foreclosure and non-judicial sale, consequential damages, loss of income and time. .   .

71.     If Defendants are allowed to retain the monies resulting from his wrongful acts and omissions as alleged herein Defendants will be unjustly enriched by profits from its own wrongdoing and will retain monies and assets which it is not entitled to keep.  As a direct and proximate result of Defendant's wrongful conduct as alleged herein, Plaintiffs have been damaged in an amount according to proof at the time of trial.  By reason of te foregoing, Plaintiffs are entitled to restitution and disgorgement of all monies and assets obtained by Defendant's wrongful conduct.


IX

## SIXTH CAUSE OF ACTION

### (Violation of Business and Professions Code, Sections 17200, et seq. )

(Against all Defendants)

72 .    Plaintiffs re-allege paragraphs 1 to 71 as if fully set forth herein..

73.     .California Business and Professions Code, section 17200 prohibits acts that promote any unlawful, unfair, or fraudulent business acts or practices.

74.     By and through their conduct detailed above, defendants have engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited

by Business and Professions Code, section 17200 , *et seq.*

75.    Beginning on or about February, 2008 and continuing up to present, defendants have committed acts of unfair business practices by engaging is a pattern of unlawful, unfair and fraudulent business practices that violate the wording and intent of statutes and by defying California state and federal law.  Defendants have engaged in business practices that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far outweighed by the harm done to the public and public policy.

76.    The acts and practices described above were unlawful and unfair because as set out ave, they were deceptive, fraudulent and violated the Racketeering and Corrupt Organizations Act (RICO).  Defendants through their actions committed set out above also committed other violations of the statutory and common law of California and the United States of America.

77.    As a legal and factual result of Defendants wrongful acts pursuant to their unfair business practices herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

## X.

### SEVENTH CAUSE OF ACTION

### (Violations of TILA, Truth In Lending Act)

(Against all Defendants)

78.    Plaintiff sre-allege paragraphs 1 to 77 as if fully set forth herein

79    Congress enacted the Truth in Lending Act (hereinafter referred to as "TILA") and Federal reserve Board Regulation Z implementing it, to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit.  The stated congressional purposes behind TILA is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing. (15

1  U.S.C. section 1601(a); 12 C.F.R. section 226.1(b)).

2      80.   The Home Owners And Equity Protection Act (hereinafter referred to as

3  :"HOEPA") amends TILA to ensure that consumers understand the terms of such ;loans

4  and are protected from high pressure sales tactics.  The amendment also prohibits High

5  Cost Mortgages from including certain terms such as prepayment penalties and balloon

6  payments that have proven problematic to consumers.

7      81.   Plaintiff alleges that beginning or about July 2007, defendants engaged in acts

8  that violate the spirit and the law of TILA, more particularly, inducing complainants to

9  enter into a high cost loan, interest only loans, balloon Notes where at the end of five years

10  Plaintiff would have to pay the whole principal high interest rates, prepayment penalties

11  and other practices, all in violation of TILA and HOEPA.  As a result of such unlawful

12  conduct, complainants have suffered irreparable damage.

13      82.   As a legal and factual result of Defendants wrongful acts pursuant to the their

14  Truth In Lending violations herein alleged, Plaintiffs have been damaged in a sum as yet

15  undetermined but will be proved and within the jurisdiction of this Court.

16

17  <div align="center">XI.</div>

18  <div align="center">**EIGHT CAUSE OF ACTION**</div>

19  <div align="center">**Violation of State Regulation Restricted Fees**</div>

20  <div align="center">(Against all Defendants)</div>

21      83.   Plaintiff re-allege paragraphs 1 to 82 as if fully set forth herein

22      84.   Defendants charged a prohibited fee by charging Plaintiffs more than one

23  appraisal fee, in violation of California *Finance Code* section 222317.  Defendants also

24  collected an unreasonable escrow or escrow related fee.  Under California *Finance Code*

25  sections 17000 and 22318, the fee is considered unreasonable when paid to a person

26  licensed o exempt under the Escrow Law.  Defendants, instead, paid the appraiser fee to a

27  person not licensed nor exempt from the Escrow Law, all in violation of the above referred

28  statute.

85.    Defendants violated Code of California Regulations, section 1457 by retaining a statutory fee paid to a public officer, in that, it retained the notary fee, in violation of Code of California Regulations section 1458

86.    As a legal and factual result of Defendants wrongful acts pursuant to their State Regulation Restricted Fees practices herein alleged, plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

XII.

## NINTH CAUSE OF ACTION

### Violation of Sections 2923, 2924, 2934 and 2937 of Civil Code

(Against all Defendants)

87.    Plaintiff re-alleges paragraphs 1 to 86 as if fully set forth herein.

88.    Plaintiff alleges that beginning or about April 2009, Defendants engaged in acts that violate the California Civil Code, section 2923.52 of the Civil Code for not negotiating in good faith toward the modification of the loan, contrary to the spirit of the stature and contrary to the legislative intent in enacting the statute

89.    Plaintiff further alleges that beginning or about July 2007, Defendants engaged in acts that violate the California Civil Code, 2934(a)(2)(D) because they failed to provide proper notification to plaintiff of the substitution of Trustee, as required by the above stated statute.

90.    Plaintiff further alleges that beginning or about July 2007, Defendants engaged in acts that violate the California Civil Code 2924.8 for not posting and mailing to Plaintiff the Notice of Sale in Tagalog, the native language of Plaintiff, when Defendants knew that Plaintiff was born and raised in the Phillippines and her native language is Tagalog.

91.    Defendants also engaged in acts that violate the California Civil Code sections 2937(a)(b) in not notifying plaintiff of the transfer of the servicer for the loan, as required by the above stated statute.  As a result of such unlawful conduct, Plaintiff  has

suffered irreparable damage.

92.    As a legal and factual result of defendants wrongful acts pursuant to their Civil Code statutes herein alleged, plaintiff have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

XIII

**TENTH CAUSE OF ACTION**

**Fraud**

(Against all Defendants)

93.    Plaintiff re-alleges paragraphs 1 to 92 as if fully set forth herein.

94.    The defendants, and each of them, made intentional misrepresentations, through their preparation and submission of incomplete, deceptive and defective loan documents and withholding from them information and documentation, to induce complainants accept and execute them, including but not limited to escrow documents which plaintiffs would not have done but for the actions of said defendants.

95..    These representations and the loan documentation as described above were deceptive, misleading and false when made.   Plaintiff was justified in relying upon the representations since defendants held themselves out to be reputable and licensed professionals and  complainants had no prior notification to the contrary.

96.    Plaintiff was unaware of the falsity of the representations in the loan and financing documentation and acted in reliance upon the truth of the representations submitted by defendants.

97..    As a result of the reliance upon the truth of the representations made by and loans documentation prepared, assembled and submitted by defendants, as well as the withholding of relevant documents from them, Plaintiff has sustained damages, which are based on fraudulent misrepresentation, all to an amount to be proved at the time of trial.

98    Defendants and each of them, did the things herein alleged, intentionally, oppressively, and maliciously, and plaintiff is therefore entitled to punitive damages to be

determined at the time of trial.

### XIV

## ELEVENTH CAUSE OF ACTION

### Conspiracy to Defraud

(Against all Defendants)

99.     Plaintiffs re-allege paragraphs 1 to 98 as if fully set forth herein.

100.     Defendants and each of them, knowingly, willfully and maliciously entered into a conspiracy and agreement to have escrow officers, appraisers, Notaries Public, property sellers and Does 1 to 5, deceptively, misleadingly and falsely represent to and submit deceptive and incomplete loan documentation to complainants, to induce them to execute the loan documents.

101.     In reliance of these representations, complainants executed the documents and became indebted to Defendants.   Plaintiffs were unaware of the defective, incomplete and misleading documentation and the improper actions of defendants.

102.     As a legal and factual result of Defendants wrongful acts pursuant to the conspiracy herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but will be proved a time of trial and within the jurisdiction of this Court.

### XV

## TWELFTH CAUSE OF ACTION

### Intentional Misrepresentations

(Against all Defendants)

103.     Plaintiffs re-allege paragraphs 1 to 96 as if fully set forth herein.

104.     Defendants and each of them, at the time they submitted loan and financial documentation, made representations that the information set forth in the documentation was true and correct as set out in detail above. Further, defendants intentionally misrepresented to Plaintiffs that they would negotiate in good faith to enable Plaintiff to

modify her loan to make it more affordable to her.

105.    These representation were false since defendants knew or should have known that the sale of the property to plaintiff was at an inflated price, the appraisal overstated the value of the property, that they had the duty and obligation to notify plaintiffs of the assignments and transfers of trustees and services, and the noticing of the non-judicial sale of the property , including the date and place of the sale.

106.    The defendants knew that the representations were false when made, or made representations recklessly without consideration of whether the representations were true or false.

107    The Defendants made the representations with intent to defraud plaintiffs for the purpose of inducing Plaintiffs to rely upon the same and for plaintiffs to execute loan documents and not to proceed with the intended short sale of the property. Further, Defendants and each of them, in pursuing non-judicial foreclosure, represented they had the right to payment under the Promissory Note, payment of which was secured by the security instrument that is identified as Exhibit "1" of the complain. Defendants knew that they did no have possession of the Promissory Note nor were non-holders of the note.

108 .    Plaintiff was unaware of the falsity of defendants representations since defendants held themselves out to be reputable and licensed professionals and its own employees, who had a fiduciary duty to act in its best interests, concealed the scheme from plaintiffs.

109    The intentional misrepresentations were no discovered by Plaintiffs until the non-judicial sale was effected as set out further in detail above.

110.    The intentional misrepresentations of facts which wee material to the entering into the loan, to the aborted short sale of the property and the loss of the property, were made intentionally, oppressively, and maliciously and Plaintiff is entitled to punitive or exemplary damages in a sum to be determined at time of trial, which purpose is to punish the wrongdoing of the Defendants.

XVI

## THIRTEENTH CAUSE OF ACTION

### Trustee's Sale in Void and Null

(Against all Defendants)

111.   Plaintiffs re-allege paragraphs 1 to 110 as if fully set forth herein.

112.   Based on information and belief, Plaintiffs allege that the Notice of Default and Notice of Sale are void and of no effect because defendants had no power of sale. Defendant OLD DEFAULT, had no power or authority as the purported Trustee in the Notice of Sale, to conduct the non-judicial sale since OLD DEFAULT is not the original Trustee in the Deed of Trust and the Substitution of Trustee designating OLD DEFAULT as the new Trustee is a nullity. The Substitution of Trustee is also faulty as it recites that MERS is the nominee for SAXON, when in reality MERS appears in the Deed of Trust as nominee for SBCM, the lender under the Deed of Trust. Saxon is merely the servicer and has no standing to act as beneficiary. Further, the Trustee's Deed recites that OLD DEFAULT is the duly appointed Trustee in the Deed of Trust, when in reality the Trustee in the Deed of Trust was T.D. SERVICE, thus making the Trustee's Deed null and void. The Substitution of Trustee is appended herein as Exhibit "4" and the Trustee's Deed is appended herein as Exhibit "5".

113.   Plaintiff further alleges that the assignment of the Deed of Trust is a nullity as MERS, who was the purported *nominee* and *beneficiary* in the Deed of Trust, in reality had no legal title nor an interest in the Deed of Trust. MERS was not a real beneficiary and did not possess any rights a lender and did not have legal title to the property. MERS had no standing to assign the Promissory Note nor the Deed of Trust. Thus, any assignment of the Deed of Trust buy MERS is a nullity, which makes the Trustee's Deed of Sale also a nullity..

114.   MERS, being merely a shell corporation, with no true directors, officers or shareholders, had no authority substitute OLD DEFAULT as the Trustee and OLD DEFAULT has not legal authority to conduct the foreclosure sale and to issue a valid

Trustee's Deed to LAKE TWO.. MERS had no legal interest in the property nor in its title.

115.    Plaintiff alleges on information and belief that the designation of MERS as beneficiary was a ploy by SBCM itself to circumvent state laws and other legal requirements dealing with mortgage loans. By designating certain members employees of SBCM to be MERS corporate officers, MERS created a situation whereby the foreclosing agency and MERS "designated officers" have a conflict of interest.

116.    On information and belief, Plaintiff alleges that since MERS nor the servicer have a beneficial interest in the promissory note, nor they receive the income from the payments m and since it is actually an employee of the servicer signing the Substitution or Trustee or assignment of the Note, the Substitution or assignment in the name of MERS is illegal.

117.    Plaintiff alleges that as a result of the above stated facts, OLD DEFAULT had no standing to conduct the sale and defendant LAKE TWO, who purchased the property for $406,000.00, is not a bona fide purchaser for value. Plaintiffs further allege that all of the irregularities in the conduct of the sale as described above, are not dehors to the foreclosure sale and invalidate the sale.

118.    Plaintiff alleges, as set forth above, that the Substitution of Trustee and the Trustee's Deed are fraught with errors, misrepresentations and falsehoods that are not dehor to the foreclosure sale, making the whole foreclosure sale proceedings null and void.

119.    Based on information and belief, plaintiff alleges that in reality, the statutory notice requirements and procedures by law for the conduct of the sale were not satisfied, thus arising a refutable presumption that the sale was conducted regularly and properly; pursuant to *Civ. Code,* § 2924. .All of the aforementioned acts were done In violation of

120.    As a direct and proximate result of the aforementioned acts, plaintiffs has been damaged in an amount according to proof at the time of trial, but a least $250,000.00, consequential damages, interest and attorney's fees..

XVII

**FOURTEENTH CAUSE OF ACTION**

### Constructive Fraud

(Against all Defendants)

121.    Plaintiff re-alleges paragraphs 1 to 129 as if fully set forth herein.

122..    Civil Code article 1571 defines constructive fraud as follows:: [P] 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, [P] 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

123.    Defendants and each of them represented to Plaintiff and made her believe that the loan was going to be modified.  Based on such representations, plaintiff stop making payments on the property and forego other options that could have been available to her, to save her property.

124.    Defendants and each of them then advised plaintiff, after four months of loan modification negotiations, that the modification they would agree to was for Plaintiff to pay all arrears and continue making payments under the same terms and conditions of the existing loan.

125.    Since this species of fraud does not depend on the existence of an actual fraudulent intent, it can be shown by breach of a fiduciary duty. Defendants herein had a legal or equitable duty and obligation to treat plaintiffs fairly and be truthful to them. Defendants breached their fiduciary duty by their actions as set forth above, which precipitated the foreclosure on the property.

126.    As a direct and proximate result of the aforementioned acts, Plaintiff has been damaged in an amount according to proof at the time of trial, but a least $250,000.00, consequential damages, interest and attorney's fees..

### XVII

### FOURTEENTH CAUSE OF ACTION

Complaint

25

### Constructive Fraud

(Against all Defendants)

127.   Plaintiffs re-allege paragraphs 1 to 126 as if fully set forth herein.

128.   Civil Code article 1571 defines constructive fraud as follows:: [P] 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, [P] 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

129.   Defendants and each of them represented to Plaintiff and made her believe that the loan was going to be modified. Based on such representations, plaintiff stop making payments on the property and forego other options that could have been available to her, to save her property.

130   Defendants and each of them then advised plaintiff, after four months of loan modification negotiations, that the modification they would agree to was for Plaintiff to pay all arrears and continue making payments under the same terms and conditions of the existing loan.

131.   Since this species of fraud does not depend on the existence of an actual fraudulent intent, it can be shown by breach of a fiduciary duty. Defendants herein had a legal or equitable duty and obligation to treat plaintiffs fairly and be truthful to them. Defendants breached their fiduciary duty by their actions as set forth above, which precipitated the foreclosure on the property.

132.   As a direct and proximate result of the aforementioned acts, Plaintiff has been damaged in an amount according to proof at the time of trial, but a least $250,000.00, consequential damages, interest and attorney's fees..

## XX

## SIXTEENTH CAUSE OF ACTION

### Rescission

(Against all Defendants)

133.    Plaintiffs re-allege paragraphs 1 to 136 as if fully set forth herein.

134.    Plaintiff alleges that the transaction she entered into with defendants is regulate by the Truth In Lending Act (**TILA**).  TILA  requires that specific disclosures be provided to borrowers of qualifying consumer credit transactions that are secured by the borrowers' residence. Section 1615 of Title 15 of the United States Code, mandates that lenders clearly and conspicuously disclose to borrowers that borrowers have a right to rescind the transaction until midnight of the third business day following consummation of the transaction.(15 U.S.C. section 1635(a)3; 12C.F.R. section 225.23(b) HOEPA further directs lenders to disclose: that borrowers are not required to complete the loan agreement merely because they have received disclosures or signed the loan application; that they could lose their home if they do not meet their loan obligations; and the percentage rate, the amount of monthly payments, and in the case of adjustable rate loans, that the interest rate and payment could increase. (15U.S.C. section 1639(a)(1)&1629(a)(1) Such disclosures must be made "not less than 3 business days prior to consummation of the transaction."

135.    Plaintiff alleges that the notice of her right cancellation under TILA was deficient as she did not given a copy of the notice of cancellation after signing the notice and loan documents.  Plaintiff did not know of her right to cancel nor the deadlines impose by the statute to exercise her right to rescind the contract.

136.    The remedies under TILA includes civil liability and damages as well as costs and attorney fees.  Also, defendants are subject to liability for all payments made by Plaintiff, the sum of all finance charges and fees paid by Plaintiffs.


XX

## SEVENTEENTH CAUSE OF ACTION

### Declaratory Relief

(Against all Defendants)

Complaint

27

137.   Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

138.   An actual controversy has arisen and now exists between Plaintiff and Defendants. regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property because Defendant's security interest in the Subject Property has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the California Civil Code, the Equal Opportunity Credit Act, the Federal Trade Commission Act, California Business and Professions Code, UDAP, TILA, and RESPA. Thus the purported power of sale by Defendants no longer applies. Plaintiff further contends that Defendants do not have the power to foreclose ib the Subject Property because Defendants did not properly comply with proper delivery procedures under RESPA. Plaintiff further contends that the Defendants perpetrated a fraudulent loan transaction.

139.   Plaintiffs request that this Court find the purported power of sale contained in the Loan of no force and effect atthis time, because Defendants actions in the processing, handling, and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants. Plaintiff further requests that title to the Subject Property be reinstated to Plaintiff's name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation.

140.   As a result of the Defendant's actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendant's purported power of sale is void and has no force or effect against the Subject Property

141.   Further, Defendant's actions have been willful, knowing and malicious.

THEREFORE, PLAINTIFFS PRAY AS FOLLOWS:

### On All Causes of Action

1.   For attorney fees to the extent allowed by law;

Complaint

28

- 33 -

2.    For costs of this litigation to the extent allowed by law;

3.    For pre-judgment interest as allowed by law;

4.    For such other relief as the Court may find just and appropriate.

### First Cause of Action

5.    .For compensatory damages,

6.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Second Cause of Action

7.    .For compensatory damages,

8.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Third Cause of Action

9    .For compensatory damages,

10.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Fourth Cause of Action

11    .For compensatory damages,

12.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Fifth Cause of Action

13.    .For compensatory damages,

14.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Sixth Cause of Action

15.    .For restitution and declaratory relief declaring that defendants have violated the provisions of California Business and Professions Code section 17200, and any other applicable statutory provisions,.

### Seventh Cause of Action

Complaint

29

16.    .For compensatory damages,

17.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Eighth Cause of Action

18.    ..For compensatory damages,

19.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Ninth Cause of Action

20.    For compensatory damages to be proven at time of trial.

21.    For punitive and exemplary damages. in an amount sufficient to punish and deter future misconduct.

### Tenth Cause of Action

22.    .For compensatory damages,

23.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Eleventh Cause of Action

24.    .For compensatory damages,

25.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Twelfth Cause of Action

26.    .For compensatory damages to be proven at the time of trial;.

For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Thirteenth Cause of Action

27.    Nullification of the Trustee's Deed of Sale,

28.    For compensatory damages,

29.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Fourteenth Cause of Action

30.   For a constructive trust;

31.   For compensatory damages,

32.   For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Fifteenth Cause of Action

33.   For rescission of the re-financing loan.

34.   For costs, attorney fees, finance charges and fees paid by Plaintiff,

35.   For return of payments made by Plaintiff on the loan.

### Sixteenth Cause of Action

36.   For Declaratory Relief as prayed for.

37.   For Attorney Fees

    DATED:    September 30, 2009

                Respectfully submitted,

                LAS OFFICE OF EDWARD LOPEZ, APC
                By:
                    EDWARD LOPEZ
                Attorney for Plaintiffs
                JOSEPH BAZO, VENERA BAZO

Complaint
31

# EXHIBIT "1"

REDACTED

# INITIAL INTEREST ADJUSTABLE RATE NOTE
### (1-Year LIBOR Index—Rate Caps)
### (Assumable after Initial Period) (45 Day Lookback)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

July 19, 2007                          TORRANCE                          California
[Date]                                   [City]                              [State]
                          25968 ESHELMAN AVENUE
                          LOMITA, CA  90717

[Property Address]

## 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $503,200.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is SBMC MORTGAGE, A GENERAL PARTNERSHIP

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     6.7500%. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS
### (A) Time and Place of Payments
I will make a payment every month on the first day of the month beginning on    September 01, 2007   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment consists of both principal and interest, it will be applied to interest before Principal. If, on    August 01, 2037     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 14761 CALIFA STREET, VAN NUYS, CA  91411

or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments
Before the first fully amortizing principal and interest payment due date stated in subsection (C) below (the "First P&I Payment Due Date"), my monthly payments will be only for the interest due on the unpaid principal of this Note.

Each of my initial monthly payments will be in the amount of U.S. $2,830.50     . This amount may change in accordance with subsection (C) below.

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                          Form 5537  5/04 (rev. 7/05)

GreatDocs™
(Page 1 of 5)

ITEM 1002L1 (0600)

MFCD5569

REDACTED

The First P&I Payment Due Date is the first day of September 1, 2017

Prior to the First P&I Payment Due Date, my monthly payment may change to reflect changes in the interest rate I must pay in accordance with Section 4 of this Note or to reflect changes in the unpaid principal of my loan in accordance with Section 5 of this Note. Beginning with the First P&I Payment Due Date my monthly payment will change to an amount sufficient to repay the principal and interest at the rate described in Section 4 of this Note.

Before the effective date of any change in my monthly payment, the Note Holder will deliver or mail to me a notice of the change in accordance with Section 8 of this Note. The notice will include the title and telephone number of a person who will answer any question I may have regarding the notice.

## 4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES
   (A)   Interest Change Dates
   The interest rate I will pay may change on the first day of         August 2012        , and may change on that day every 12th month thereafter. Each date on which my interest rate could change is called an "Interest Change Date."
   (B)   The Index
   Beginning with the first Interest Change Date, my interest rate will be based on an Index. The "Index" is the one-year London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Interest Change Date is called the "Current Index."
   If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.
   (C)   Calculation of Changes
   Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding Two and One Quarter           percentage point(s) (   2.2500%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Change Date.
   The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First P&I Payment Due Date, my monthly payment will be the amount sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. For payment adjustments occurring on or after the First P&I Payment Due Date, my monthly payment will be an amount sufficient to repay the unpaid principal that I am expected to owe at the Interest Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.
   (D)   Limits on Interest Rate Changes
   The interest rate I am required to pay at the first Interest Change Date will not be greater than   11.7500% or less than , 2.2500%. Thereafter, my interest rate will never be increased or decreased on any single Interest Change Date by more than Two           percentage point(s) (   2.0000%) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than   11.7500%.
   (E)   Effective Date of Changes
   My new interest rate will become effective on each Interest Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Change Date until the amount of my monthly payment changes again.
   (F)   Notice of Changes
   The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.   BORROWER'S RIGHT TO PREPAY
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                                    Form 5537 5/04 (rev. 7/05)

GreatDocs ™
(Page 2 of 5)

ITEM 1062L2 (0600)
MFCD5569

, ~~~~~~~~~~~ to reduce      amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to the changes.

If I make a partial Prepayment during the period ending with the due date of my last interest only monthly payment, my partial Prepayment will reduce the amount of my monthly payment. If I make a partial Prepayment after the last interest only monthly payment, my partial Prepayment may reduce the amount of my monthly payments beginning with the monthly payment due after the Interest Change Date following the partial Prepayment. After the first Interest Change Date, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of        15         calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.0000%  of my overdue payment of interest during the period when my payment is interest only, and of principal and interest after that. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)— Single Family—Freddie Mac UNIFORM INSTRUMENT                                                          Form 5537  5/04 (rev. 7/05)

GreatDocs™
(Page 3 of 5)

ITEM 1062L3 (0809)
MFCD5569

REDACTED

..._____ to do the_____ ng ___ ny person who takes over these obligations, including, the obligations of a guarantor, surety or endorser of this Note, is also _____ gated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

(A)  UNTIL MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT IS DESCRIBED AS FOLLOWS:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B)  AFTER MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD BE DESCRIBED AS FOLLOWS:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                      Form 5537 5/04 (rev. 7/05)

GreatDocs™
(Page 4 of 6)

ITEM 1092L4 (0809)
MFCD5569

consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 5 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JOE BAZO                        -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                         -Borrower

*[Sign Original Only]*

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                     Form 5537 5/04 (rev. 7/05)

ITEM 1062L5 (0609)                                                               GreatDocs™
MFCD5569                                                                         (Page 5 of 5)

Exhibit 2

AND WHEN RECORDED MAIL TO

SBMC MORTGAGE
14761 CALIFA STREET
VAN NUYS, CA 91411-3107

07/27/07

**REDACTED**

**20071777124**

[Space Above This Line For Recording Data]

7553.03-057    **DEED OF TRUST**

MIN:

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated July 19, 2007                    , together with all Riders to this document.

(B) "Borrower" is JOE BAZO AND VERENA BAZO, HUSBAND AND WIFE AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.

(C) "Lender" is SBMC MORTGAGE
Lender is a A GENERAL PARTNERSHIP                         organized and existing under
the laws of CALIFORNIA                                   . Lender's address is
14761 CALIFA STREET, VAN NUYS, California 91411

(D) "Trustee" is T.D. SERVICE CO., A CALIFORNIA CORPORATION

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated July 19, 2007                    . The Note states that Borrower owes Lender Five Hundred Three Thousand Two Hundred and no/100
Dollars (U.S. $ 503,200.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than August 01, 2037

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

CALIFORNIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3005 1/01
ITEM 2659L1 (0011)—MERS                    (Page 1 of 12 pages)                    GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131
MFCA3114

REDACTED

C. **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property, whether of the unit or of the common elements, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

E. **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Condominium Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the Constituent Documents if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. **Remedies.** If Borrower does not pay condominium dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in pages 1 and 2 of this Condominium Rider.

_____ (Seal)          _____ (Seal)
JOE BAZO                        -Borrower          VERENA BAZO                     -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                          -Borrower

MULTISTATE CONDOMINIUM RIDER—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3140 1/01

ITEM 1623L2 (0011)                    (Page 2 of 2 pages)              GREATLAND ®
                                                              To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

MFCD2001

# EXHIBIT "3"

**REDACTED**

AND WHEN RECORDED MAIL TO

Old Republic
Default Management Services
P.O. Box 250
Orange, CA  92856-6250

Trustee Sale No. 08-11404    Title Order No.            APN 7553-013-057

*Space above this line for recorder's use only*

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 07/19/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 02/13/2009 at 11:30AM, Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company as duly appointed Trustee pursuant to the Deed of Trust, Recorded on 07/27/07 AS INSTRUMENT NO 20071777124 of official records In the Office of the County Recorder of Los Angeles County, California, executed by:  JOE BAZO AND VERENA BAZO, HUSBAND AND WIFE, AS JOINT TENANTS, as Trustor, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE, as Beneficiary, **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable in full at time of sale by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: **At the front entrance to the Pomona Superior Courts Building, 350 West Mission Blvd., Pomona, CA,** all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and state, and as more fully described in the above referenced Deed of Trust.

The street address and other common designation, if any, of the real property described above is purported to be: 25968 ESHELMAN AVENUE, LOMITA, CA 90717,

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made in an "AS IS" condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit: **$542,904.83** (Estimated). Accrued interest and additional advances, if any, will increase this figure prior to sale. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

The Declaration pursuant to California Civil Code. Section 2923.5(b) is attached hereto as Exhibit A.

DATE: 1/20/09

Old Republic Default Management Services, A Division of Old Republic National Title Insurance Company, as Trustee
500 City Parkway West, Suite 200, Orange, CA 92868-2913
(866) 263-5802
For Sale Information Contact: Priority Posting and Publishing (714) 573-1965

Layne Lambert, Assistant Vice President

1

REDACTED

## EXHIBIT A TO NOTICE OF TRUSTEE SALE

Trustee Sale No. 08-11404   Loan No.         APN7553-013-057

## DECLARATION OF LENDER, TRUSTEE OR AUTHORIZED
## AGENT UNDER CALIFORNIA CIVIL CODE SECTION 2923.5(c)

The undersigned is the lender, beneficiary, or its authorized agent under the Deed of Trust or Mortgage that is the subject of the Notice of Sale to which this Declaration is attached and made a part.

In compliance with the requirements of California Civil Code section 2923.5(c), the undersigned does hereby declare as follows: (*strike out or delete the option that is not applicable*)

1. The borrower under said Deed of Trust or Mortgage has been contacted in order to assess the borrower s financial situation and to explore options for the borrower to avoid foreclosure. Or, 3/17/08 spr) with cust. W3 placed on RPP

2. No contact has been made with the borrower. The following list enumerates the efforts that were made in order to make such contact with the borrower:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                              (continue on attachment, if more space is needed).

Date: 11/04/08

By: _____
    (name of person signing and their corporate title)

    Lonna Cross
    Senior Manager

# EXHIBIT "4"

REDACTED

# AFFIDAVIT

TS NO : 08-11404
Loan NO:

STATE OF          CALIFORNIA
COUNTY OF      ORANGE

I, **Glenn Millan** declare that I am over the age of eighteen years; an officer, agent or employee of Old Republic Default Management Services, whose business address is:

500 City Parkway West, Suite 200
Orange, Ca 92868

On **01-23-2009** Certified and First Class mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Mail, a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner provided in Section 2924 (b) of the Civil Code of the State of California to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **01-23-2009**

BY: Glenn Millan, Trustee Assistant

Exhibit "5"

WHEN RECORDED MAIL TO

Lake Two, LLC
PO BOX 1065
Burbank, Ca, 91507

MAIL TAX STATEMENTS TO

Lake Two, LLC
PO BOX 1065
Burbank, Ca, 91507



Space above this line for recorder's use only

Trustee Sale No. 08-11404    Loan No.    Title Order No.

## TRUSTEE'S DEED UPON SALE

TRANSFER TAX
NOT A PUBLIC RECORD

APN 7563-013-057    T.R.A. No. 016-200-07-000
The undersigned grantor declares:
1)    The Grantee herein was not the foreclosing beneficiary.
2)    The amount of the unpaid debt together with costs was .................................. ....
3)    The amount paid by the grantee at the trustee sale was ..................................
4)    The documentary transfer tax is................................................................ $
5)    Said property is in Lomita
and Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to Lake Two, LLC (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Los Angeles, State of California, described as follows:  A CONDOMINIUM COMPRISED OF:

PARCEL 1:
AN UNDIVIDED 1/8TH INTEREST IN AND TO LOT 2 OF TRACT NO. 45961, IN THE CITY OF LOMITA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1231, PAGES 67 AND 68, OF MAPS.

EXCEPT THEREFROM CONDOMINIUM UNITS 1 TO 8, INCLUSIVE, AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN RECORDED NOVEMBER 6, 1998, AS INSTRUMENT NO. 98- 2040348, OF OFFICIAL RECORDS.

PARCEL 2:
UNIT 8, AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN REFERRED TO IN PARCEL 1 ABOVE.

PARCEL 3:
AN EXCLUSIVE USE, COMMON AREA FOR PARKING PURPOSES ONLY, TO BE APPURTENANT TO PARCELS 1 AND 2, ABOVE, IN, OVER, ACROSS AND THROUGH THAT PORTION OF THE COMMON AREA CONSISTING OF 8P AS SHOWN AND DEFINED ON SAID CONDOMINIUM PLAN.
COMMONLY KNOWN AS: 25968 ESHELMAN AVENUE, LOMITA, CA 90717
RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 07/19/2007 and executed by JOE BAZO AND VERENA BAZO, HUSBAND AND WIFE, AS JOINT TENANTS, as Trustor, and Recorded on 07/27/07 AS INSTRUMENT NO. 20071777124 of official records of Los Angeles County, California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

1

REDACTED

Trustee Sale No. 08-11404
Loan No.
Title Order No.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 08/20/2009. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $406,000.00 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

DATE: 8/24/09

Old Republic Default Management Services, A Division of Old Republic National Title Insurance Company

Esther Valenzuela, VP Foreclosure Trustee Services

STATE OF California
COUNTY OF Orange

On 8/24/09 before me, Renea Borunda, a Notary Public in and for said county, personally appeared Esther Valenzuela, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public in and for said County and State

RENEA BORUNDA
Commission # 1831328
Notary Public - California
Orange County
My Comm. Expires Jan 16, 2013

2

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
EDWARD LOPEZ, State Bar 044558
LAW OFFICE OF EDWARD LOPEZ, APC
14640 Victory Boulevard, Suite 215
Van Nuys, California 91411
TELEPHONE NO.: (818) 901-6598   FAX NO.: (818) 901-6598
ATTORNEY FOR (Name): Plaintiffs Joseph Bazo, Verena Bazo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS: 825 Maple Street
MAILING ADDRESS: 825 Maple Street
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Southwest District, Torrance Courthouse

CASE NAME:

FOR COURT USE ONLY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [✓] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 2, 2009

EDWARD LOPEZ
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Joseph Bazo v. Saxon Mortgage | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Joseph Bazo v. Saxon Mortgage | | CASE NUMBER |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☑ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☑ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☑ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Joseph Bazo v. Saxon Mortgage | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)   **CIVIL CASE COVER SHEET ADDENDUM**   LASC, rule 2.0
LASC Approved 03-04   **AND STATEMENT OF LOCATION**   Page 3 of 4

- 58 -

| SHORT TITLE:<br>Joseph Bazo v. Saxon Mortgage | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>25968 Eshelman Avenue |
|---|---|
| CITY:<br>Lomita | STATE:<br>CA | ZIP CODE:<br>91717 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Torrance___ courthouse in the ___Southwest___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: ___October 2, 2009___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

| PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 4 of 4

# EXHIBIT B

11/04/2009  08:04  818~~6098                    EDWARD LOPEZ                    PAGE  01

AMENDED
SUMMONS
(CITACION JUDICIAL)

**SUM-100**

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO): Saxon Mortgage Services Inc
SBMC Mortgage; Mortgage Electronic Registration
System Inc. TD Service Co. Old Republic Default
Management Services A Division of Old Republic
YOU ARE BEING SUED BY PLAINTIFF: National Title Insurance
(LO ESTÁ DEMANDANDO EL DEMANDANTE): Company Lake Two.
Joseph Bazo a.k.a.          LLC; Does 1 Through
Joe Bazo, Verena Bazo       50 Inclusive.

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:                                    | CASE NUMBER:
(El nombre y dirección de la corte es): Superior Court of the State       | (Número del Caso):
of California, Southwest Judicial District,                              | YC060827
Torrance Courthouse, 825 Maple Street, Torrance CA. 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Law Office of Edward Lopez, APC 14640 Victory Blvd. Ste 215
Van Nuys. CA 91411. (818) 901-6598

DATE:                                    Clerk, by                          , Deputy
(Fecha)                                  (Secretario)                       (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

- 60 -

/04/2009  08:04    8189010098              EDWARD LOPEZ                    PAGE  02

1   EDWARD LOPEZ, State Bar 044558
    LAW OFFICE OF EDWARD LOPEZ, APC
2   14640 Victory Boulevard, Suite 215
    Van Nuys, California 91411
3   Telephone: (818) 901-6598
    Facsimile: (818) 901-6098
4   email: elopez317@aol.com

5   Attorney for Plaintiffs
    JOSEPH BAZO, VERENA BAZO
6

7

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 3 0 2009

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, SOUTHWEST DISTRICT

10

11  JOSEPH BAZO, a.k.a., JOE BAZO,        )   Case No. YC 0 60827
    VERENA BAZO,                         )
12                                       )   FIRST AMENDED COMPLAINT FOR:
                      Plaintiffs,        )
13                                       )   1. BREACH OF CONTRACT
    vs.                                  )   2. BREACH OF IMPLIED COVENANT
14                                       )      OF FAIR DEALING ORAL CONTRACT
    SAXON MORTGAGE SERVICES,             )   3. UNFAIR DEBT COLLECTION
15  INC.; SBMC MORTGAGE;                 )      PRACTICES
    MORTGAGE ELECTRONIC                  )   4. PREDATORY LENDING PRACTICES,
16  REGISTRATION SYSTEM, INC.;           )   5. UNJUST ENRICHMENT;
    T.D. SERVICE CO.; OLD REPUBLIC       )   6. VIOLATION OF BUSINESS AND
17  DEFAULT MANAGEMENT                   )      PROFESSIONS CODE, SECTIONS
    SERVICES, A DIVISION OF OLD          )      17200, et seq.
18  REPUBLIC NATIONAL TITLE              )   7. VIOLATIONS OF T.I.L.A.
    INSURANCE COMPANY' LAKE              )   8. VIOLATION OF STATE
19  TWO, LLC; DOES 1 Through 50,         )      REGULATION RESTRICTED FEES
    Inclusive,                           )   9. VIOLATION OF SECTIONS 2924, 2945,
20                                       )      & 2937 of CALIFORNIA CIVIL CODE;
                      Defendants.        )   10. FRAUD;
21                                       )   11. CONSPIRACY TO DEFRAUD;
                                         )   12. INTENTIONAL
22                                       )       MISREPRESENTATIONS;
                                         )   13. TRUSTEE'S SALE IS NULL
23                                       )       AND VOID;
                                         )   14. CONSTRUCTIVE FRAUD
24                                       )   15. RESCISSION.
                                         )   16. DECLARATORY RELIEF
25                                       )   Assigned for all Purposes to the Hon.
                                         )                      , Dept
26  ─────────────────────────────────────)

27      Complainants, JOSEPH BAZO, a.k.a., JOSE BAZO and VERENA BAZO ,

28  (hereinafter referred to as "Plaintiffs"), for their First Amended Complaint (hereinafter

─────────────────────────────────────────────────────
                   First Amended Complaint
                            1

1   referred to as "FAC"),  against defendants, and each one of them, alleges as follows:

2

3                                      I.

4                                  **PARTIES**

5       1.    Plaintiffs, are and at all times herein mentioned herein were individuals

6   residing in the County of Los Angeles, State of California.

7       2.    Plaintiffs are informed and believe, and based upon such information and

8   belief allege, that at all times herein mentioned, defendant SAXON MORTGAGE

9   SERVICES. INC., (hereinafter referred to as "SAXON") is a corporation organized under

10  the laws of the State of Texas, with a business address at 4708 Mercantile Drive, North,

11  Dallas, Texas 76137,.and authorized to do business and registered as a Corporation with

12  the Secretary of State of California.

13      3.    Plaintiffs are informed and believe, and based upon such information and

14  belief allege, that at all times herein mentioned, defendant SBMC MORTGAGE,

15  (hereinafter referred to as "SBMC") is a business organization, form unknown and not

16  registered as a Limited Partnership with the Secretary of State of California.  On

17  information and belief, Plaintiffs allege that SBMC was a Limited Partnership organized

18  under the laws of the State of California, with a business address at 14761 Califa Street,

19  Van Nuys, CA 91411.

20      4.    Plaintiffs are informed and believe, and based upon such information and

21  belief allege, that at all times herein mentioned, defendant MORTGAGE ELECTRONIC

22  REGISTRATION SYSTEM (hereinafter referred to as "MERS"), was a corporation for

23  doing business in the State of California and at this time has been suspended as a

24  corporation by the Secretary of State of California.

25      5.    Based on information and belief, Plaintiff alleges that MERS was a shell entity

26  which was made up of a group of members, primarily loan originators, such as defendants,

27  used to facilitate the "flipping" of loans, to a secondary mortgage market entity, who then

28  packages the loans as part of a mortgage packaged trust.

6.    Plaintiff further alleges that MERS members decided it was too costly to pay recording fees in loans that might be flipped numerous times , MERS was chosen as *nominee* for the lender and its assigns in these deeds of trust, for the purpose of immobilizing the mortgage lien while transfers of the promissory notes and servicing rights could continue to occur without the expense of recordation.

7.    T.D. SERVICE COMPANY.(hereinafter referred to as "TD", is a corporation organized under the laws of the state of California and registered as a Corporation with the Secretary of State of California.  On information and belief, was a corporation organized under the laws of the State of California, business address at 1820 East First Street, Suite 200, Santa Ana, CA 92705. On information and belief, Plaintiff alleges that TD was formed to take over the role of MERS after MERS was suspended and apparently dissolved.

8.    Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times herein mentioned, defendant OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, (hereinafter referred to as "OLD DEFAULT") is a business organization, form unknown, not registered with the Secretary of State of California.  On information and belief, Plaintiffs allege that OLD DEFAULT had a business address at 500 City Parkway West, Suite 200, Orange, CA 92868..

9.    On information and belief, Plaintiffs allege that OLD DEFAULT is a Division of defendant OLD REPUBLIC NATIONAL TITLE. INSURANCE COMPANY (hereinafter referred to as "OLD REPUBLIC"), is a Corporation organized under the laws of the State of California and registered with the Secretary of State as such.  On information and belief, Plaintiffs allege that OLD REPUBLIC's business address is 400 Second Avenue South, Minneapolis, MN 55401..

10.    Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times herein mentioned, defendant LAKE TWO, LLC, is a limited liability company organized under the laws of the State of California and authorized to do business in the State of California, with an address of P. O. Box 1065, Burbank, CA

91507..

11.    The Defendants (each of them named in paragraphs 1 through 6 above, shall collectively be referred to as "DEFENDANTS") named therein "all persons unknown", claiming any legal or equitable right, title estate, lien or interest in the property described in this Complaint averse to Plaintiff's title thereto and as DOES 1 through 50 (hereinafter referred to as "UNKNOWN DEFENDANTS") are unknown to Plaintiffs. These unknown Defendants and each of them claim some right, title, estate, lien or interest in the Property hereinafter described adverse to Plaintiff's title and their claims and each of them constitute a cloud on Plaintiff's title to the Property. Plaintiffs are informed and therefore believes, and on that bases alleges that each fictiously named hereto as a DOES is responsible for the events happening thereinafter alleged. Plaintiffs will seek leave of the Court to amend this Complaint to allege the true names and capacities of said fictiously named Defendant's when ascertained.

12.    Plaintiffs are informed and believe and on that basis allege that at all times mentioned herein the UNKNOWN DEFENDANTS are individuals and/or business entities whose forms are unknown and were agents, principals, employees, employers and co-conspirators of each and every other named or unnamed Defendant in this Complaint. Plaintiffs are informed and therefore and on that bases allege that each of said Defendants is and at all relevant times herein, was acting within the scope and consent of the remaining named and unnamed Defendants

13    Whenever in this FAC an act or omission of a corporation or business entity is alleged, the allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity..

14.    Plaintiffs are informed and believe, and based upon such information and

EDWARD LOPEZ                                    PAGE  06

1  belief alleges, that defendants, and each of them, are responsible in some manner for the

2  occurrence herein alleged, and that plaintiff's damages as herein alleged were proximately

3  caused by defendant's conduct.

4       15.    Whenever and wherever reference is made in this FAC aint to any act by a

5  defendant or defendants, such allegation and reference shall also be deemed to mean the

6  acts and failures to act of each defendant acting individually, jointly and severally.

7       16.    As a result of their mortgage activities, Defendants and each of them are and

8  were subject to and must comply wi the Federal Truth In Lending Act (hereinafter referred

9  to as "TILA"0 [15 U.S.C. section 1601-16666j] and with the Act's corresponding

10 Regulation Z (hereinafter referred to as "RegZ") [24 C.F.R section 3500.17]; the Real

11 Estate Settlement Procedure Act (hereinafter referred to as "RESPA")[12 U.S.C. section

12 2601 et seq.]; California Business and Professions Code section 17200; Federal Trade

13 Commission section 5; 24 Code of Federal Regulations section 3500.10; Unfair and

14 Deceptive Business Practices and Acts [UDAP Statutes]; and California Civil Code

15 sections 1916.7 - [multiple sections]; section 1537; section 1918-21; section 337; and

16 section 226.23(3).

17

18                                    II.

19                   **JURISDICTION AND VENUE**

20      17.    The above-entitled Court is the proper Court for this action as the action was

21 commenced in this court and all parties are subject to the jurisdiction and venue of this

22 Court.   The Subject Property is located within the County of Los Angeles.

23

24                                    III.

25                   **GENERAL ALLEGATIONS**

26      18.    Plaintiff re-allege and incorporate by reference all preceding paragraphs as

27 though fully set forth herein.

28      19.    For years, mortgage brokers and lenders have been selling loan products that

---

First Amended Complaint

5

they knew or should have known would never bee able to be repaid by the borrower and would prevent borrowers from ever actually owing the home.  Instead, borrowers were offered interest-only, negative amortization, and/or other sub-rime loan products that amounted to no more than a short term lease until the payments became so unaffordable that the borrowers are now faced with either bankruptcy or foreclosure.  The housing bubble of the past decade was created by predatory lending practices, such as charging excessive fees, incorporating payment penalties, negative amortization payments, or other abusive terms in the agreements, providing kickbacks to brokers, flipping loans, using balloon payments to conceal the true burden of the financing, requiring unnecessary insurance and other products, including mandatory arbitrations clauses, steering borrowers to sub-prime loans when they qualify for conventional loans, and using bait and switch tactics.  All were rampant within the industry without oversight or good judgment and found to be inconsistent with important national objectives, including the goals of facilitate access to credit, community development, an d stable home ownership by the broadest spectrum of America.  Rather than offering a loan product that was viable and long-term for the borrower and lender, brokers and lenders greedily sold whatever they could get away with, arguably the primary catalyst for what is now this country's worst economic crisis since the Great Depression.

20.    The loan product sold to Plaintiffs in this case was exactly the kind of loan that has contributed to our national problem.  The Defendants were aware of this trend, and possessed the foresight to advise Plaintiffs of this risk.  They intentionally concealed the negative implications of the loan they were offering, and as a result , Plaintiffs face the potential of losing her home to the very entity and entities who placed them in this position.

21.    On July 2002, Plaintiffs purchased the property at 24968 Eshelman Avenue, Lomita, CA 90717 (hereinafter referred to as "the Property").  The lender was People Choice and the purchase loan was in the approximate sum of sum of $175,000.00. Subsequently, Plaintiff re-financed the property, with Indymac Bank as the lender

22.    Believing that she could obtain better financing and better loan terms, Plaintiffs decided to re-finance the Property on or about July 2007. The lender for this re-financing was defendant SBMC. Plaintiffs entered into the re-financing contract, by signing a promissory note that evidenced the debt to the new lender. Plaintiffs also signed a Deed of Trust, a security instrument that was to guarantee payment of the note and to be a lien against the property once it was recorded.

23.    The financing for the property with SBMC, consisted of a loan for the sum of $503,200.00. The loan was secured by an Initial Interest Adjustable Rate Note for a term of ten years, where the monthly payments were for interest only. Under the terms of the Note, after five years, the interest would be adjusted in accordance with the Louden Interbank Offered Rate (LIBOR) and at the end of ten years, Plaintiffs would star to make payments of the principal plus interest at a rate to be determined by LIBORt. Thus, Plaintiffs would be making interest only payments for a term of ten years, which at the end of five years, would be adjusted to a rate that could be considerably higher that the initial rate of 5.75%. The note is appended herein as Exhibit "1".

24.    In addition o the Note, Plaintiffs executed a Deed of Trust, to secure the Note, for the same amount. The parties to the Deed of Trust were Plaintiffs as Trustors, SBCM as lender; T.D. SERVICE CO. as Trustee and Mortgage Electronic Registration System ("MERS") as beneficiary.. As mentioned above, MERS was a shell composed of loan originators, such as defendants, to facilitate the "flipping" of loans, to a secondary mortgage market entity, who then packages the loans as part of a mortgage packaged trust.

25.    Plaintiffs further alleges that MERS members decided it was too costly to pay recording fees in loans that might be flipped numerous times , MERS was chosen as *nominee* for the lender and its assigns in these deeds of trust, for the purpose of immobilizing the mortgage lien while transfers of the promissory notes and servicing rights could continue to occur without the expense of recordation. The promissory note and deed of trust were executed on or about July 19, 2007and recorded on July 27, 2007... A copy of the Deed of Trust is appended herein as Exhibit "2".

11/04/2009   08:04   8189b__098                    EDWARD LOPEZ                         PAGE   09

26.    After making payments on the loan for approximately 9 months, plaintiff's earnings diminished considerably and their general financial situation deteriorated to the extent that she was unable to meet their obligations, including payment on the loan.

27.    On or about January 23, 2009, plaintiffs received a document entitled Notice of Trustee's Sale, dated January 20, 2009. The document states that the Trustee's Sale of the property was scheduled for February 13, 2009. This was the first official document received by Plaintiffs informing Plaintiffs that they had defaulted in their loan. Plaintiff never received documentation informing them that she had defaulted on their loan. A copy of the Notice of Trustee's Sale is appended herein as Exhibit "3". Plaintiffs contacted SAXON, who was the servicer under the loan, in a good faith attempt to have her loans modified so that they could continue making payments on hr loan and salvage her credit.

28.    Modification negotiations started and several attempts were made to have it modified. However, not even with the intervention of an attorney, were Plaintiffs able to obtain a true and genuine modification that would enable them to make payments on the loan. It was apparent that SAXON was negotiating in good faith and lacked final authority to offer a modification in terms that Plaintiffs could live with. SAXON was only the servicer of the loan and lacked authority to accord a true modification that would not increase the amount the Plaintiffs and at the same time satisfy the investor.

29.    The modification proposed by SAXON did not improve the existing loan condition for Plaintiffs. In fact, the proposed modification increased the principal and would extend the period of time required for the payment of the loan. In essence, it was no modification at all. Subsequently, the property was sold pursuant to the power of sale in the Deed of Trust on or above August 24, 2000. The property was purchased by Defendant LAKE TWO.

30.    Plaintiffs did not receive notice of the sale not copies of the Trustee's Deed of Sale and had no way to know who the buyer of the property was at the non-judicial sale, what price was paid for the property, who was the Trustee that conducted the sale, whether the authorized Trustee conducted the sale and whether the sale was conducted as a public

1   auction pursuant tp the provisions of Civil Code provisions regulating non-judicial sales

2   and public auctions. All of the aforementioned acts were done in violation of section 2934,

3   et al of the Civil Code.

4       31.    Subsequently Plaintiffs learned that the property had been purchased LAKE

5   TWO at the non-judicial sale on August 24, 2009 for $406,000.00. Plaintiffs allege that

6   the sale did not conform to the requirements of the Civil Code regulating public

7   auctions..The Trustee that conducted the sale was OLD DEFAULT, who purportedly had

8   been   substituted as Trustee by MERS, when MERS, being merely a shell corporation,

9   had no authority whatsoever to do so because MERS had no legal interest in the property

10  nor in its title. All of the aforementioned acts were done In violation of section 2934, et al

11  of the Civil Code.

12      32.    The terms of the finance transaction with SBCM are not clear or

13  conspicuous, nor consistent, and are illegal, and include, for example, a "Pick & Pay"

14  Payment Option on an Adjustable Rate Mortgage loan, which violates several statutes and

15  in essence creates an illegal loan. Further, this loan was underwritten without proper due

16  diligence by SBCM as evidenced by their failure to verify borrower's income utilizing

17  signed IRS income Tax Disclosures Form 4506T which would have provided past

18  borrower tax returns. SBCM also used a " GDW Cost of Savings" as the Index for the

19  basis of this loan, because the Lender controls this Index and it is directly based upon the

20  average rate of interest lending institutions such as SCBM who exercise control over the

21  mortgage rate on interest.

22      33.    In addition, and unbeknownst to Plaintiffs, SBCM illegally, deceptively

23  and/or otherwise unjustly, qualified Plaintiffs for a loan which SBCM knew or should

24  have known that Plaintiffs could not qualify for or afford by, for example, the underwriter

25  has approved this loan based upon credit scores and the borrower's Stated Income only.

26  Had SBCM used a more accurate and appropriate factor, such as Tax  Forms and a more

27  determinative level of scrutiny of determining the debt to income ratio, Plaintiff would not

28  have qualified for the loan in the first place. Consequently, SBCM sold Plaintiff a loan

1   product that it knew or should have known would never be able to be fully paid back by

2   Plaintiff. SBCM ignored long-standing economic principles of underwriting and instead,

3   knowingly, liberally, greedily and without any regard for Plaintiff's right, sold Plaintiff a

4   deceptive loan product.

5        34.   There was no determination of the ability of the borrower to repay the loan,

6   with complete disregard for the Guidance Letters issued by Federal Agencies and even

7   Federal and State Law.

8        35.   Defendants, and each of them, neither explained the workings of the entire

9   mortgage loan transaction, how the rates, finance charges, costs and fees were computed,

10  nor the inherent volatility of the loan product provided by Defendants.

11       36.   The purpose of entering into the above-described mortgage loan transactions

12  was for Plaintiffs improve their financing and eventually own the property. That purpose

13  was knowingly and intentionally thwarted and indeed made impossible by Defendant's

14  actions alleged herein.

15       37.   Plaintiffs are informed and believe and therefore allege that Defendants did

16  not comply with the requirements to provide Plaintiffs with a Mortgage Loan Origination

17  Agreement.

18       38.   Plaintiffs are informed and believe and therefore allege that the underwriter

19  approved this loan based only upon a stated income and a medium to high risk credit score

20  and a belief that the property would continue to increase in value and that the Plaintiffs

21  should have been declined for this loan.

22       39.   Plaintiffs were informed and believe and therefore alleges that based on a

23  Real Income Analysis, with the type of take home income Plaintiffs possess and that was

24  clearly disclosed to defendants, that the borrower would not be able to support the home

25  payment over an extended period.

26       40.   Plaintiffs are informed and believe and therefore allege that by the very use

27  of London Interbank Offered Rate (:LIBOR") as the Index for the basis of this loan,

28  SBCM is in violation of this subsection (CA CIV section 1916.7 10 © *INDEX*) because

First Amended Complaint
10

EDWARD LOPEZ

11/04/2009   08:04    8189016098

1   the Index is controlled by banking and lending institutions, such as the Lender herein and
2   it is directly based upon the average rate of interest the Lender and other lending
3   institutions. .

4       41.   Plaintiffs are informed and believe and therefore allege that Defendants
5   failed to provide Plaintiff with written notice of the furnishing of negative credit
6   information about Defendants furnished such negative credit information about Plaintiff.

7       42.   Plaintiffs are informed and believe and therefore allege that a California
8   Insurance Disclosure as mandated by law was not provided to the Plaintiffs prior to the
9   consummation of this loan.

10      43.   Plaintiffs are informed and believe and therefore allege that Defendants
11   breached their fiduciary duty to Plaintiff because they knew or should have known that the
12   Plaintiffs will or had a strong likelihood of defaulting on this loan, they have a fiduciary
13   duty to the borrower to not place them in that loan (in harms way).

14      44.   Plaintiffs are informed and believe and therefore allege that it was in the best
15   interest of the Defendants to promote the particular program for which they approved the
16   Plaintiff. It led to a maximization of profits for the Defendants, with no concerns for the
17   Plaintiff's financial position or livelihood.

18      45.   Plaintiffs are informed and believe and therefore allege that as a result of the
19   practices of Defendants, and each of them throughout the handling of this loan, that such
20   practices are consistent with the definition of predatory lending, and encompass numerous
21   characteristics that indicate such.

22      46.   Plaintiffs are informed and believe and therefore allege that Defendants
23   engaged in unlawful , unfair or fraudulent business act or practice and unfair, deceptive,
24   untrue or misleading advertising in violation, rising to unfair and deceptive business
25   practices, in violation of California Business and Professions Code section 17200 and the
26   Unfair and 'Deceptive Acts and Practices statutes.

27      47.   Plaintiffs are informed and believe and therefore allege that SBCM was
28   required to provide for an Open Ended Credit Plan, including a 15-year table showing the

First Amended Complaint
11

71

1　effects of the index used on loan payments. However it failed to provide such plan or

2　adviser.

3

4　　　　　　　　　　　　　　　　　　IV

5　　　　　　　　　　　**FIRST CAUSE OF ACTION**

6　　　　　　　　　　　　**(Breach of Contract)**

7　　　　　　　　　　(Against All Defendants)

8　　　　48.　　Plaintiffs incorporate by reference and re-allege the each of the allegations

9　contained in Paragraph 1 through 47, inclusive, as though fully set forth in this First Cause

10　of Action.

11　　　　49.　　On or about July 2007, plaintiffs entered into an oral agreement with SAXON

12　and SBCM where SAXON and SBCM would negotiate with plaintiff for a modification

13　of the loans on the property. The purpose of this agreement was to alleviate Plaintiff's

14　financial burden and enable them to make payments they could better afford and avoid a

15　foreclosure on the property. SBCM would benefit from the modification by receiving

16　regular payments from Plaintiff under a better financial restructuring their loan. The

17　common purpose for both parties was to avoid a foreclosure of the property that would

18　benefit both parties

19　　　　50.　　In reliance of Defendant's representations, Plaintiff engaged in negotiations

20　with Defendants. Modification negotiations started on or about November 2008, between

21　plaintiff's designated agent and Defendants. SAXON, the loan servicer did not have the

22　complete to modify the loan. It was apparent that the investor did not want to have the loan

23　modified..

24　　　　51.　　It is patently clear that Defendants did not want to modify Plaintiff's loan

25　from the very beginning of the negotiations. Based on Defendant's conduct all throughout

26　the negotiations that they never truly intended to modify the loan, a clear breach of the

27　agreement.

28　　　　52.　　After months of negotiations with Plaintiffs, Defendants had the property

1   sold in a non-judicial sale without giving proper notification to Plaintiffs. Had SAXON
2   and SBCM communicated its true intentions of not modifying the loans, Plaintiffs could
3   had taken other protective measure to save her home from a non.-judicial sale. Her
4   inaction in doing so was the result of her reliance of Defendant's promise of negotiation in
5   good faith for a loan modification.

6       53.    Plaintiffs fully performed all the acts and conditions require by the oral
7   contract to be performed on their part, except as to those acts that have been prevented,
8   delayed, or excused by acts or omissions of defendants...

9       54.    In breach of the agreement, defendants failed and refused to perform all the
10  acts and conditions required by the agreement to be performed on their part, including
11  without limitation, their promise to engage in good faith negotiations for the modification
12  of the loans, failure to notify plaintiffs of the date and place of the trustee's sale of the
13  property, and inducing plaintiffs to stop making payments on the loan with the implied
14  promise it was going to be renegotiated..

15      55.    As a direct and proximate result of the aforementioned acts, plaintiffs have
16  been damaged in an amount according to proof at the time of trial, but at least
17  $250,000.00, consequential damages, interest and attorney's fees.

18
19                                          V

20                      **SECOND CAUSE OF ACTION**

21                  **(Breach of Implied Covenant of Good Faith**

22                   **And Fair Dealing Oral Contract)**

23                      (Against All Defendants)

24      56.    Plaintiffs incorporates by reference and re-alleges each of the allegations
25  contained in Paragraphs 1 through 55, inclusive, as though fully set forth in this Second
26  Cause of Action.

27      57     The agreement contains an implied covenant of good faith and fair dealing
28  obligating Defendants to act fairly and in good faith to guarantee performance of the

1  agreement, to avoid destroying or injuring cross-complainant rights to enjoy the benefits of

2  the agreement, and to do everything that the agreement presupposes will be done to

3  accomplish its purposes.

4       58.   SBCM breached the implied covenant of good faith and fair dealing by

5  failing and refusing in bad faith, to perform all the acts and conditions required by the

6  agreement to be performed on his part, including without limitation, their promise to

7  engage in good faith negotiations with Plaintiffs, failure to notify plaintiffs of the date and

8  place of the trustee's sale of the property, and inducing plaintiffs to stop making payments

9  on the loan with the implied promise that the loans were going to be renegotiated..

10       59.   As a direct and proximate result of the aforementioned acts, plaintiffs have

11  been damaged in an amount according to proof at the time of trial, but a least $250,000.00,

12  consequential damages, interest and attorney's fees..

13

14                                      VI.

15                    **THIRD CAUSE OF ACTION**

16                **(Unfair Debt Collection Practices)**

17               (Against All Defendants)

18       60.   Plaintiffs re-allege paragraphs 1 to 59 as fully set forth herein.

19       61.   SBCM, SAXON and Does 1 to 3, were, at all times mentioned in this

20  complaint,  debt collectors acting in such a capacity in attempting to collect the debt owed

21  by Plaintiffs.. Upon information and belief, Plaintiffs allege that Defendants refused to

22  negotiate with Plaintiffs when they attempted to have SAXON modify or re-structure the

23  loans. Instead, Defendants informed them that their only option was to make all accrued

24  payments forthwith and denied their good faith effort for a loan modification. .

25       62'.   These actions by Defendants are in violation California Rosenthal Fair Debt

26  Collection Practices Act, including but not limited to Civil Code section 1788(e) and (f),

27  and the Federal Debt Collections Act, 15 U.S.C. Title 41, Subchap. V, sections 1692, *et*

28  *seq*, and the Real Estate Settlement Procedures Act (RESPA), 23 U.S.C. sections

250101617.

63.    As a legal and factual result of defendants wrongful acts pursuant to the their unfair debt collection practices herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

## VII.

### FOURTH CAUSE OF ACTION

### (Predatory Lending Practices)

(Against All Defendants)

64.    Plaintiffs re-allege all paragraphs 1 to 63 as if fully set forth herein.

65.    Predatory lending is a term generally used to characterize a range of abusive lending practices, including deception or fraud, charging excessive fees and interest rates, making loans without regard to a borrower's ability to repay, or refinancing loans to incur additional fees without economic gain to the borrower. Predatory lending is most likely to occur in the rapidly growing "supreme mortgage market, which is a market generally providing access to borrowers wit impaired credit, limited income, or high debt relative to their income.

66.    The loans that Defendants induced Plaintiffs to enter into were predatory in nature. Both loans called for payment of interest only for the first five years. The principal loan wold change the interest rate and increase it to a variable rate. these loans are a perfect example of predatory lending practices at its worst and egregious violations and laws and regulations against predatory lending.

67.    Plaintiffs allege that all Defendants herein applied and used predatory lending practices in the aforementioned loan by charging excessive fees and making him incur excessive costs. Defendants did not inform complainants of all of the fees and costs that the refinancing would cost and knew of his limited income, thus engaging in predatory lending practices. Further, Defendants knew that the amount refinanced created a high debt relative to Plaintiff's income. This conduct by defendants was fraudulent and

deceptive and in violation of California Finance Code sections 4970-4979.8 (Division 1.6)

68.    As a legal and factual result of Defendants wrongful acts pursuant to the their predatory lending practices herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

## VIII

### FIFTH CAUSE OF ACTION

### (Unjust Enrichment)

(Against All Defendants)

69.    Plaintiff incorporates by reference herein the allegations contained in Paragraphs 1 through 68, inclusive as though fully set forth herein.

70.    In committing the wrongful act and omissions complained of herein, Provident has been unjustly enriched at the expense of Plaintiffs in an amount to be proven at trial, but in excess of the jurisdictional minimum. Plaintiff's damages include damages resulting from the loss of their home through foreclosure and non-judicial sale, consequential damages, loss of income and time. .

71.    If Defendants are allowed to retain the monies resulting from his wrongful acts and omissions as alleged herein Defendants will be unjustly enriched by profits from its own wrongdoing and will retain monies and assets which it is not entitled to keep. As a direct and proximate result of Defendant's wrongful conduct as alleged herein, Plaintiffs have been damaged in an amount according to proof at the time of trial. By reason of te foregoing, Plaintiffs are entitled to restitution and disgorgement of all monies and assets obtained by Defendant's wrongful conduct.

## IX

### SIXTH CAUSE OF ACTION

### (Violation of Business and Professions Code, Sections 17200, et seq.)

(Against all Defendants)

First Amended Complaint
16

- 76 -

11/04/2009  08:04   81896 _098          EDWARD LOPEZ                    PAGE  18

72.   Plaintiffs re-allege paragraphs 1 to 71 as if fully set forth herein..

73.   .California Business and Professions Code, section 17200 prohibits acts that promote any unlawful, unfair, or fraudulent business acts or practices.

74.   By and through their conduct detailed above, defendants have engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited by Business and Professions Code, section 17200 , *et seq.*

75.   Beginning on or about February, 2008 and continuing up to present, defendants have committed acts of unfair business practices by engaging is a pattern of unlawful, unfair and fraudulent business practices that violate the wording and intent of statutes and by defying California state and federal law. Defendants have engaged in business practices that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far outweighed by the harm done to the public and public policy.

76.   The acts and practices described above were unlawful and unfair because as set out ave, they were deceptive, fraudulent and violated the Racketeering and Corrupt Organizations Act (RICO). Defendants through their actions committed set out above also committed other violations of the statutory and common law of California and the United States of America.

77.   As a legal and factual result of Defendants wrongful acts pursuant to their unfair business practices herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

X.

## SEVENTH CAUSE OF ACTION

### (Violations of TILA, Truth In Lending Act)

(Against all Defendants)

78.   Plaintiffs re-allege paragraphs 1 to 77 as if fully set forth herein

79   Congress enacted the Truth in Lending Act (hereinafter referred to as "TILA") and Federal reserve Board Regulation Z implementing it, to protect consumers' choice

First Amended Complaint
17

1  through full disclosure and to guard against the divergent and at times fraudulent practices
2  stemming from uninformed use of credit.  The stated congressional purposes behind TILA
3  is to assure a meaningful disclosure of credit terms so that the consumer will be able to
4  compare more readily the various credit terms available to him and avoid the uninformed
5  use of credit, and to protect the consumer against inaccurate and unfair credit billing. (15
6  U.S.C. section 1601(a); 12 C.F.R section 226.1(b)).

7       80.    The Home Owners And Equity Protection Act (hereinafter referred to as
8  :"HOEPA") amends TILA to ensure that consumers understand the terms of such ;loans
9  and are protected from high pressure sales tactics.  The amendment also prohibits High
10  Cost Mortgages from including certain terms such as prepayment penalties and balloon
11  payments that have proven problematic to consumers.

12      81.    Plaintiffs allege that beginning or about July 2007, defendants engaged in acts
13  that violate the spirit and the law of TILA, more particularly, inducing  complainants to
14  enter into a high cost loan, interest only loans, balloon Notes where at the end of five years
15  Plaintiff would have to pay the whole principal high interest rates, prepayment penalties
16  and other practices, all in violation of TILA and HOEPA.  As a result of such unlawful
17  conduct,  complainants have suffered irreparable damage.

18      82.    As a legal and factual result of Defendants wrongful acts pursuant to the their
19  Truth In Lending violations herein alleged, Plaintiffs have been damaged in a sum as yet
20  undetermined but will be proved and within the jurisdiction of this Court.

21
22                                    XI.

23                    **EIGHT CAUSE OF ACTION**

24            **Violation of State Regulation Restricted Fees**

25                        (Against all Defendants)

26      83.    Plaintiffs re-allege paragraphs 1 to 82 as if fully set forth herein

27      84.    Defendants charged a prohibited fee by charging Plaintiffs more than one
28  appraisal fee, in violation of California *Finance Code* section 222317. Defendants also

collected an unreasonable escrow or escrow related fee.  Under California *Finance Code* sections 17000 and 22318, the fee is considered unreasonable when paid to a person licensed o exempt under the Escrow Law.  Defendants, instead, paid the appraiser fee to a person not licensed nor exempt from the Escrow Law, all in violation of the above referred statute.

85.    Defendants violated Code of California Regulations, section 1457 by retaining a statutory fee paid to a public officer, in that, it retained the notary fee, in violation of Code of California Regulations section 1458

86.    As a legal and factual result of Defendants wrongful acts pursuant to their State Regulation Restricted Fees practices herein alleged, plaintiffs have been damaged in a sum as yet undetermined but will be proved and within the jurisdiction of this Court.

## XII.

## NINTH CAUSE OF ACTION

## Violation of Sections 2923, 2924, 2934 and 2937 of Civil Code

(Against all Defendants)

87.    Plaintiffs re-allege paragraphs 1 to 86 as if fully set forth herein.

88.    Plaintiffs allege that beginning or about April 2009, Defendants engaged in acts that violate the California Civil Code, section 2923.52 of the Civil Code for not negotiating in good faith toward the modification of the loan, contrary to the spirit of the statute and contrary to the legislative intent in enacting the statute

89.    Plaintiffs further allege that beginning or about July 2007, Defendants engaged in acts that violate the California Civil Code, 2934(a)(2)(D) because they failed to provide proper notification to plaintiff of the substitution of Trustee, as required by the above stated statute.

90.    Plaintiffs further allege that beginning or about July 2007, Defendants engaged in acts that violate the California Civil Code 2924.8 for not posting and mailing to Plaintiff the Notice of Sale in Spanish, the native language of Plaintiff, when Defendants

1   knew that Plaintiffs were born and raised in the Peru and their native language is Spanish.

2       91.   Defendants also engaged in acts that violate the California Civil Code

3   sections 2937(a)(b) in not notifying plaintiff of the transfer of the servicer for the loan, as

4   required by the above stated statute. As a result of such unlawful conduct, Plaintiffs have

5   suffered irreparable damage.

6       92.   As a legal and factual result of defendants wrongful acts pursuant to the Civil

7   Code statutes herein alleged, plaintiffs have been damaged in a sum as yet undetermined

8   but will be proved and within the jurisdiction of this Court.

9

10                     XIII

11            **TENTH CAUSE OF ACTION**

12                **Fraud**

13          (Against all Defendants)

14     93.   Plaintiffs re-allege paragraphs 1 to 92 as if fully set forth herein.

15     94.   The defendants, and each of them, made intentional misrepresentations,

16   through their preparation and submission of incomplete, deceptive and defective loan

17   documents and withholding from them information and documentation, to induce

18   complainants accept and execute them, including but not limited to escrow documents

19   which plaintiffs would not have done but for the actions of said defendants.

20     95..   These representations and the loan documentation as described above were

21   deceptive, misleading and false when made.   Plaintiffs were justified in relying upon the

22   representations since defendants held themselves out to be reputable and licensed

23   professionals and complainants had no prior notification to the contrary.

24     96.   Plaintiffs were unaware of the falsity of the representations in the loan and

25   financing documentation and acted in reliance upon the truth of the representations

26   submitted by defendants.

27     97..   As a result of the reliance upon the truth of the representations made by and

28   loans documentation prepared, assembled and submitted by defendants, as well as the

1   withholding of relevant documents from them, Plaintiffs have sustained damages, which
2   are based on fraudulent misrepresentation, all to an amount to be proved at the time of
3   trial.

4        98    Defendants and each of them, did the things herein alleged, intentionally,
5   oppressively, and maliciously, and plaintiff is therefore entitled to punitive damages to be
6   determined at the time of trial.

7

8                                        XIV

9                        **ELEVENTH CAUSE OF ACTION**

10                         **Conspiracy to Defraud**

11                          (Against all Defendants)

12       99.   Plaintiffs re-allege paragraphs 1 to 98 as if fully set forth herein.

13       100.   Defendants and each of them, knowingly, willfully and maliciously entered
14   into a conspiracy and agreement to have escrow officers, appraisers, Notaries Public,
15   property sellers and Does 1 to 5, deceptively, misleadingly and falsely represent to and
16   submit deceptive and incomplete loan documentation to complainants, to induce them to
17   execute the loan documents.

18       101.   In reliance of these representations, complainants executed the documents
19   and became indebted to Defendants.   Plaintiffs were unaware of the defective, incomplete
20   and misleading documentation and the improper actions of defendants.

21       102.   As a legal and factual result of Defendants wrongful acts pursuant to the
22   conspiracy herein alleged, Plaintiffs have been damaged in a sum as yet undetermined but
23   will be proved a time of trial and within the jurisdiction of this Court.

24

25                                        XV

26                        **TWELFTH CAUSE OF ACTION**

27                       **Intentional Misrepresentations**

28                          (Against all Defendants)

                          First Amended Complaint
                                    21

                                  - 81 -

103.   Plaintiffs re-allege paragraphs 1 to 96 as if fully set forth herein.

104.   Defendants and each of them, at the time they submitted loan and financial documentation, made representations that the information set forth in the documentation was true and correct as set out in detail above. Further, defendants intentionally misrepresented to Plaintiffs that they would negotiate in good faith to enable Plaintiff to modify her loan to make it more affordable to them.

105.   These representation were false since defendants knew or should have known that the sale of the property to plaintiffs was at an inflated price, the appraisal overstated the value of the property, that they had the duty and obligation to notify plaintiffs of the assignments and transfers of trustees and services, and the noticing of the non-judicial sale of the property , including the date and place of the sale.

106.   The defendants knew that the representations were false when made, or made representations recklessly without consideration of whether the representations were true or false.

107   The Defendants made the representations with intent to defraud plaintiffs for the purpose of inducing Plaintiffs to rely upon the same and for plaintiffs to execute loan documents and not to proceed with the intended short sale of the property. Further, Defendants and each of them, in pursuing non-judicial foreclosure, represented they had the right to payment under the Promissory Note, payment of which was secured by the security instrument that is identified as Exhibit "1" of the complain. Defendants knew that they did no have possession of the Promissory Note nor were non-holders of the note.

108 .   Plaintiffs were unaware of the falsity of defendants representations since defendants held themselves out to be reputable and licensed professionals and its own employees, who had a fiduciary duty to act in its best interests, concealed the scheme from plaintiffs.

109   The intentional misrepresentations were no discovered by Plaintiffs until the non-judicial sale was effected as set out further in detail above.

110.   The intentional misrepresentations of facts which wee material to the

1   entering into the loan and the loss of the property, were made intentionally, oppressively,

2   and maliciously and Plaintiffs are entitled to punitive or exemplary damages in a sum to be

3   determined at time of trial, which purpose is to punish the wrongdoing of the Defendants.

5                                        XVI

6                        **THIRTEENTH CAUSE OF ACTION**

7                           **Trustee's Sale in Void and Null**

8                            (Against all Defendants)

9       111.    Plaintiffs re-allege paragraphs 1 to 110 as if fully set forth herein.

10      112.    Based on information and belief, Plaintiffs allege that the Notice of Default

11  and Notice of Sale are void and of no effect because defendants had no power of sale.

12  Defendant OLD DEFAULT, had no power or authority as the purported Trustee in the

13  Notice of Sale, to conduct the non-judicial sale since OLD DEFAULT is not the original

14  Trustee in the Deed of Trust and the Substitution of Trustee designating OLD DEFAULT

15  as the new Trustee is a nullity.  The Substitution of Trustee is also faulty as it recites that

16  MERS is the nominee for SAXON, when in reality MERS appears in the Deed of Trust as

17  nominee for SBCM, the lender under the Deed of Trust.  Saxon is merely the servicer and

18  has no standing to act as beneficiary.  Further, the Trustee's Deed recites that OLD

19  DEFAULT is the duly appointed Trustee in the Deed of Trust, when in reality the Trustee

20  in the Deed of Trust was T.D. SERVICE, thus making the Trustee's Deed  null and void.

21  The Substitution of Trustee is appended herein as Exhibit "4" and the Trustee's Deed is

22  appended herein as Exhibit "5".

23      113.    Plaintiffs further allege that the assignment of the  Deed of Trust is a nullity

24  as MERS, who was the purported *nominee* and *beneficiary* in the Deed of Trust, in reality

25  had no legal title nor an interest in the Deed of Trust.  MERS was not a real beneficiary

26  and did not possess any rights a lender and did not have legal title to the property.  MERS

27  had no standing to assign the Promissory Note nor the Deed of Trust.  Thus, any

28  assignment of the Deed of Trust buy MERS is a nullity, which makes the Trustee's Deed

1   of Sale also a nullity..

2       114.    MERS, being merely a shell corporation, with no true directors, officers or

3   shareholders,  had no authority substitute OLD DEFAULT as the Trustee and OLD

4   DEFAULT has not legal authority to conduct the foreclosure sale and to issue a valid

5   Trustee's Deed to LAKE TWO.. MERS had no legal interest in the property nor in its title.

6       115.    Plaintiffs allege on information and belief that the designation of MERS as

7   beneficiary was a ploy by SBCM itself to circumvent state laws and other legal

8   requirements dealing with mortgage loans.  By designating certain members employees of

9   SBCM to be MERS corporate officers, MERS created a situation whereby the foreclosing

10  agency and MERS "designated officers" have a conflict of interest.

11      116.    On information and belief, Plaintiffs allege that since MERS nor the

12  servicer have a beneficial interest in the promissory note, nor they receive the income from

13  the payments m and since it is actually an employee of the servicer signing the Substitution

14  or Trustee or assignment of the Note, the Substitution or assignment in the name of MERS

15  is illegal.

16      117.    Plaintiffs allege that as a result of the above stated facts, OLD DEFAULT

17  had no standing to conduct the sale and defendant LAKE TWO, who purchased the

18  property for $406,000.00, is not a bona fide purchaser for value. Plaintiffs further allege

19  that all of the irregularities in the conduct of the sale as described above, are not dehors to

20  the foreclosure sale and invalidate the sale.

21      118.    Plaintiffs allege, as set forth above, that the Substitution of Trustee and the

22  Trustee's Deed are fraught with errors, misrepresentations and falsehoods that are not

23  dehor to the foreclosure sale, making the whole foreclosure sale proceedings null and void.

24      119.    Based on information and belief, plaintiff alleges that in reality, the statutory

25  notice requirements and procedures by law for the conduct of the sale were not satisfied,

26  thus arising a refutable presumption that the sale was conducted regularly and properly;

27  pursuant to *Civ. Code*, § 2924. .All of the aforementioned acts were done In violation of

28      120.    As a direct and proximate result of the aforementioned acts, plaintiffs has

been damaged in an amount according to proof at the time of trial, but a least $250,000.00, consequential damages, interest and attorney's fees..

## XVII

## FOURTEENTH CAUSE OF ACTION

### Constructive Fraud

(Against all Defendants)

121.    Plaintiffs re-allege paragraphs 1 to 129 as if fully set forth herein.

122..    Civil Code article 1571 defines constructive fraud as follows:: [P] 1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or, [P] 2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

123.    Defendants and each of them represented to Plaintiffs and made them believe that the loan was going to be modified.  Based on such representations, plaintiff stop making payments on the property and forego other options that could have been available to her, to save their property.

124.    Defendants and each of them then advised plaintiffs, after four months of loan modification negotiations, that the modification they would agree to was for Plaintiffs to pay all arrears and continue making payments under the same terms and conditions of the existing loan.

125.    Since this species of fraud does not depend on the existence of an actual fraudulent intent, it can be shown by breach of a fiduciary duty. Defendants herein had a legal or equitable duty and obligation to treat plaintiffs fairly and be truthful to them. Defendants breached their fiduciary duty by their actions as set forth above, which precipitated the foreclosure on the property.

126.    As a direct and proximate result of the aforementioned acts, Plaintiff has been damaged in an amount according to proof at the time of trial, but a least $250,000.00,

1  consequential damages, interest and attorney's fees..

2                                    XVII

3                      **FOURTEENTH CAUSE OF ACTION**

4                            **Constructive Fraud**

5                          (Against all Defendants)

6       127.   Plaintiffs re-allege paragraphs 1 to 126 as if fully set forth herein.

7       128.   Civil Code article 1571 defines constructive fraud as follows:: [P] 1. In any

8  breach of duty which, without an actually fraudulent intent, gains an advantage to the

9  person in fault, or any one claiming under him, by misleading another to his prejudice, or

10  to the prejudice of any one claiming under him; or, [P] 2. In any such act or omission as

11  the law specially declares to be fraudulent, without respect to actual fraud."

12      129.   Defendants and each of them represented to Plaintiff and made her believe

13  that the loan was going to be modified.  Based on such representations, plaintiff stop

14  making payments on the property and forego other options that could have been available

15  to her, to save her property.

16      130   Defendants and each of them then advised plaintiff, after four months of

17  loan modification negotiations, that the modification they would agree to was for Plaintiff

18  to pay all arrears and continue making payments under the same terms and conditions of

19  the existing loan.

20      131.   Since this species of fraud does not depend on the existence of an actual

21  fraudulent intent, it can be shown by breach of a fiduciary duty. Defendants herein had

22  a legal or equitable duty and obligation to treat plaintiffs fairly and be truthful to them.

23  Defendants breached their fiduciary duty by their actions as set forth above, which

24  precipitated the foreclosure on the property.

25      132.   As a direct and proximate result of the aforementioned acts, Plaintiff has

26  been damaged in an amount according to proof at the time of trial, but a least $250,000.00,

27  consequential damages, interest and attorney's fees..

28

XX

## FIFTEENTH CAUSE OF ACTION

### Rescission

(Against all Defendants)

133.    Plaintiffs re-allege paragraphs 1 to 136 as if fully set forth herein.

134.    Plaintiffs allege that the transaction they entered into with defendants is regulate by the Truth In Lending Act **(TILA)**. **TILA** requires that specific disclosures be provided to borrowers of qualifying consumer credit transactions that are secured by the borrowers' residence. Section 1615 of Title 15 of the United States Code, mandates that lenders clearly and conspicuously disclose to borrowers that borrowers have a right to rescind the transaction until midnight of the third business day following consummation of the transaction.(15 U.S.C. section 1635(a)3; 12C.F.R. section 225.23(b) HOEPA further directs lenders to disclose: that borrowers are not required to complete the loan agreement merely because they have received disclosures or signed the loan application; that they could lose their home if they do not meet their loan obligations; and the percentage rate, the amount of monthly payments, and in the case of adjustable rate loans, that the interest rate and payment could increase. (15U.S.C. section 1639(a)(1)&1629(a)(1) Such disclosures must be made "not less than 3 business days prior to consummation of the transaction."

135.    Plaintiffs allege that the notice of their right cancellation under TILA was deficient as she did not given a copy of the notice of cancellation after signing the notice and loan documents.  Plaintiffs did not know oft heir right to cancel nor the deadlines impose by the statute to exercise their right to rescind the contract.

136.    The remedies under TILA includes civil liability and damages as well as costs and attorney fees.  Also, defendants are subject to liability for all payments made by Plaintiffs, the sum of all finance charges and fees paid by Plaintiffs.

First Amended Complaint

27

XX

## SIXTEENTH CAUSE OF ACTION

### Declaratory Relief

(Against all Defendants)

137.    Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

138.    An actual controversy has arisen and now exists between Plaintiff and Defendants. regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property because Defendant's security interest in the Subject Property has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the California Civil Code, the Equal Opportunity Credit Act, the Federal Trade Commission Act, California Business and Professions Code, UDAP, TILA, and RESPA. Thus the purported power of sale by Defendants no longer applies. Plaintiff further contends that Defendants do not have the power to foreclose is the Subject Property because Defendants did not properly comply with proper delivery procedures under RESPA. Plaintiff further contends that the Defendants perpetrated a fraudulent loan transaction.

139.    Plaintiffs request that this Court find the purported power of sale contained in the Loan of no force and effect at this time, because Defendants actions in the processing, handling, and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants. Plaintiff further requests that title to the Subject Property be reinstated to Plaintiff's name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation.

140.    As a result of the Defendant's actions, Plaintiff has suffered damages according to proof, and seeks declaratory relief that Defendant's purported power of sale is void and has no force or effect against the Subject Property

141.    Further, Defendant's actions have been willful, knowing and malicious.

THEREFORE, PLAINTIFFS PRAY AS FOLLOWS:

### On All Causes of Action

1.  For attorney fees to the extent allowed by law;

2.  For costs of this litigation to the extent allowed by law;

3.  For pre-judgment interest as allowed by law;

4.  For such other relief as the Court may find just and appropriate.

### First Cause of Action

5.  .For compensatory damages.

6.  For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Second Cause of Action

7.  .For compensatory damages,

8.  For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Third Cause of Action

9   .For compensatory damages,

10.  For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Fourth Cause of Action

11  .For compensatory damages,

12.  For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Fifth Cause of Action

13.  For compensatory damages,

14.  For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

### Sixth Cause of Action

15.   .For restitution and declaratory relief declaring that defendants have violated the provisions of California Business and Professions Code section 17200, and any other applicable statutory provisions,.

**Seventh Cause of Action**

16.   For compensatory damages,

17.   For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.;

**Eighth Cause of Action**

18.   .For compensatory damages,

19.   For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

**Ninth Cause of Action**

20.   For compensatory damages to be proven at time of trial.

21.   For punitive and exemplary damages. in an amount sufficient to punish and deter future misconduct:

**Tenth Cause of Action**

22.   .For compensatory damages,

23.   For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

**Eleventh Cause of Action**

24.   For compensatory damages,

25.   For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

**Twelfth Cause of Action**

26.   .For compensatory damages to be proven at the time of trial;.

For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

**Thirteenth Cause of Action**

First Amended Complaint
30

27.    Nullification of the Trustee's Deed of Sale.

28.    For compensatory damages,

29.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Fourteenth Cause of Action

30.    For a constructive trust;

31.    For compensatory damages,

32.    For punitive and exemplary damages in an amount sufficient to punish and deter future misconduct.

### Fifteenth Cause of Action

33.    For rescission of the re-financing loan.

34.    For costs, attorney fees, finance charges and fees paid by Plaintiff,

35.    For return of payments made by Plaintiff on the loan.

### Sixteenth Cause of Action

36.    For Declaratory Relief as prayed for.

37.    For Attorney Fees

DATED:    October 24, 2009

Respectfully submitted,

LAS OFFICE OF EDWARD LOPEZ, APC
By: _____
EDWARD LOPEZ
Attorney for Plaintiffs
JOSEPH BAZO, VENERA BAZO

---

First Amended Complaint
31

- 91 -

11/04/2009  08:04    8189016098              EDWARD LOPEZ                        PAGE  24

EXHIBIT "1"

REDACTED

PAGE    25

11/04/2009   08:04   8189016098          EDWARD LOPEZ

# INITIAL INTEREST℠ ADJUSTABLE RATE NOTE
(1-Year LIBOR Index—Rate Caps)
(Assumable after Initial Period) (45 Day Lookback)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND
MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE
AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

July 19, 2007                    TORRANCE                    California
[Date]                            [City]                      [State]
                          25968 ESHELMAN AVENUE
                             LOMITA, CA  90717

                              [Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $503,200.00     (this amount is called "Principal"), plus
interest, to the order of the Lender. The Lender is SBMC MORTGAGE, A GENERAL PARTNERSHIP

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of    6.7500%. The interest rate I will pay will change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any
default described in Section 7(B) of this Note.

## 3.  PAYMENTS

### (A)  Time and Place of Payments

I will make a payment every month on the first day of the month beginning on    September 01, 2007   . I will make
these payments every month until I have paid all of the principal and interest and any other charges described below that I may
owe under this Note. Each monthly payment will be applied as of its scheduled due date and, if the payment consists of both
principal and interest, it will be applied to interest before Principal. If, on    August 01, 2037     , I still owe amounts
under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 14761 CALIFA STREET, VAN NUYS, CA 91411

or at a different place if required by the Note Holder.

### (B)  Amount of My Initial Monthly Payments

Before the first fully amortizing principal and interest payment due date stated in subsection (C) below (the "First P&I
Payment Due Date"), my monthly payments will be only for the interest due on the unpaid principal of this Note.

Each of my initial monthly payments will be in the amount of U.S. $2,830.50     . This amount may change in
accordance with subsection (C) below.

---

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                     Form 5537  5/04 (rev. 7/05)

ITEM 1062L1 (0608)                                                               GreatDocs™
                                                                                 (Page 1 of 6)

MFCD5569

11/04/2009   08:04    8189010d98            EDWARD LOPEZ

...reducing or paying a Prepayment charge. The Note Holder will use ...to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payment unless the Note Holder agrees in writing to the changes.

If I make a partial Prepayment during the period ending with the due date of my last interest only monthly payment, my partial Prepayment will reduce the amount of my monthly payment. If I make a partial Prepayment after the last interest only monthly payment, my partial Prepayment may reduce the amount of my monthly payments beginning with the monthly payment due after the Interest Change Date following the partial Prepayment. After the first Interest Change Date, any reduction due to my partial Prepayment may be offset by an interest rate increase.

6.  **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

7.  **BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)  Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of        15        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.0000% of my overdue payment of interest during the period when my payment is interest only, and of principal and interest after that. I will pay this late charge promptly but only once on each late payment.

**(B)  Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

8.  **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9.  **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                    Form 5537 5/04 (rev. 7/05)

GreatDocs™
(Page 3 of 6)

ITEM 1052L3 (0809)
MFCD5569

also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

(A)  UNTIL MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT IS DESCRIBED AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B)  AFTER MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD BE DESCRIBED AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                          Form 5537 5/04 (rev. 7/05)

                                                                                     GreatDocs™
                                                                                     (Page 4 of 5)
ITEM 7062L4 (0609)
MFCD5569

REDACTED

11/04/2009   08:04      8189016038                        EDWARD LOPEZ                           PAGE    28

The First P&I Payment Due Date is the first day of September 1, 2017

Prior to the First P&I Payment Due Date, my monthly payment may change to reflect changes in the interest rate I must pay in accordance with Section 4 of this Note or to reflect changes in the unpaid principal of my loan in accordance with Section 5 of this Note. Beginning with the First P&I Payment Due Date my monthly payment will change to an amount sufficient to repay the principal and interest at the rate described in Section 4 of this Note.

Before the effective date of any change in my monthly payment, the Note Holder will deliver or mail to me a notice of the change in accordance with Section 8 of this Note. The notice will include the title and telephone number of a person who will answer any question I may have regarding the notice.

## 4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A)   Interest Change Dates

The interest rate I will pay may change on the first day of      August 2012      , and may change on that day every 12th month thereafter. Each date on which my interest rate could change is called an "Interest Change Date."

### (B)   The Index

Beginning with the first Interest Change Date, my interest rate will be based on an Index. The "Index" is the one-year London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Interest Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

### (C)   Calculation of Changes

Before each Interest Change Date, the Note Holder will calculate my new interest rate by adding Two and One Quarter                     percentage point(s) (   2.2500%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Change Date.

The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First P&I Payment Due Date, my monthly payment will be the amount sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. For payment adjustments occurring on or after the First P&I Payment Due Date, my monthly payment will be an amount sufficient to repay the unpaid principal that I am expected to owe at the Interest Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D)   Limits on Interest Rate Changes

The interest rate I am required to pay at the first Interest Change Date will not be greater than   11.7500% or less than 2.2500%. Thereafter, my interest rate will never be increased or decreased on any single Interest Change Date by more than Two                     percentage point(s) (   2.0000%) from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than   11.7500%.

### (E)   Effective Date of Changes

My new interest rate will become effective on each Interest Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Change Date until the amount of my monthly payment changes again.

### (F)   Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                    Form 5537 5/04 (rev. 7/05)

GreatDocs™
(Page 2 of 5)

ITEM 1082L2 (0609)
MFCD5569

REDACTED

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 5 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JOE BAZO                        -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                        -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                        -Borrower

*[Sign Original Only]*

MULTISTATE INITIAL INTEREST ADJUSTABLE RATE NOTE—1-Year LIBOR Index (Assumable after Initial Period) (45 Day Lookback)—
Single Family—Freddie Mac UNIFORM INSTRUMENT                                    Form 5537  5/04 (rev. 7/05)

ITEM 1968L5 (0608)                                                              GreatDocs™
MFCD5569                                                                        (Page 5 of 5)

**REDACTED**

Exhibit 2

11/04/2009  08:04   8189016098                          EDWARD LOPEZ                    PAGE  31

AND WHEN RECORDED MAIL TO

SBMC MORTGAGE
14761 CALIFA STREET
VAN NUYS, CA 91411-3107

07/27/07

**20071777124**

**REDACTED**

[Space Above This Line For Recording Data]

7558 -013 -057    **DEED OF TRUST**

MIN:

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated July 19, 2007                    , together with all Riders to this document.

(B) "Borrower" is  JOE BAZO AND VERENA BAZO, HUSBAND AND WIFE AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.

(C) "Lender" is  SBMC MORTGAGE
Lender is a  A GENERAL PARTNERSHIP                              organized and existing under
the laws of  CALIFORNIA                                        . Lender's address is
14761 CALIFA STREET, VAN NUYS, California  91411

(D) "Trustee" is  T.D. SERVICE CO., A CALIFORNIA CORPORATION

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated July 19, 2007                    . The Note states that Borrower owes Lender Five Hundred Three Thousand Two Hundred and no/100
Dollars (U.S. $ 503,200.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  August 01, 2037

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

CALIFORNIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT              Form 3005 1/01
ITEM 9926L1 (0011)—MERS                    (Page 1 of 12 pages)      GREATLAND ■
NFCA3114                                                     To Order Call 1-800-530-9393 □ Fax 616-791-1131

- 99 -

11/04/2009  08:04     8189010d98                    EDWARD LOPEZ                              PAGE  34

                                                                                              **REDACTED**

AND WHEN RECORDED MAIL TO

Old Republic
Default Management Services
P.O. Box 250
Orange, CA 92856-6250

---

|                                                                  | Space above this line for recorder's use only |
| Trustee Sale No. 08-11404   Title Order No.        APN 7553-013-057 |                                               |

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED <u>07/19/2007</u>.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On <u>02/13/2009</u> at <u>11:30AM</u>, Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company as duly appointed Trustee pursuant to the Deed of Trust,   Recorded on 07/27/07 AS INSTRUMENT NO 20071777124 of official records in the Office of the County Recorder of Los Angeles County, California, executed by: JOE BAZO AND VERENA BAZO, HUSBAND AND WIFE, AS JOINT TENANTS, as Trustor, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE, as Beneficiary, **WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable in full at time of sale by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: **At the front entrance to the Pomona Superior Courts Building, 350 West Mission Blvd., Pomona, CA,** all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and state, and as more fully described in the above referenced Deed of Trust.

The street address and other common designation, if any, of the real property described above is purported to be: <u>25968 ESHELMAN AVENUE, LOMITA, CA 90717.</u>

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made in an "AS IS" condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit:  **$542,904.83**  (Estimated).  Accrued interest and additional advances, if any, will increase this figure prior to sale. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

The Declaration pursuant to California Civil Code, Section 2923.5(b) is attached hereto as Exhibit A.

DATE: 1/20/09

Old Republic Default Management Services, A Division of Old Republic National
Title Insurance Company, as Trustee
500 City Parkway West, Suite 200, Orange, CA 92868-2913
(866) 263-5802
For Sale Information Contact: Priority Posting and Publishing (714) 573-1965

_[signature]_
Jayne Lambert, Assistant Vice President

1

11/04/2009   08:04    818901608698                    EDWARD LOPEZ

REDACTED

## EXHIBIT A TO NOTICE OF TRUSTEE SALE

Trustee Sale No. 08-11404    Loan No.                APN7553-013-057

## DECLARATION OF LENDER, TRUSTEE OR AUTHORIZED
## AGENT UNDER CALIFORNIA CIVIL CODE SECTION 2923.5(c)

The undersigned is the lender, beneficiary, or its authorized agent under the Deed of Trust or Mortgage that is the subject of the Notice of Sale to which this Declaration is attached and made a part.

In compliance with the requirements of California Civil Code section 2923.5(c), the undersigned does hereby declare as follows: (*strike out or delete the option that is not applicable*)

1. The borrower under said Deed of Trust or Mortgage has been contacted in order to assess the borrower s financial situation and to explore options for the borrower to avoid foreclosure. Or, 3/17/08 spk with cust. ws placed on RPP

2. No contact has been made with the borrower. The following list enumerates the efforts that were made in order to make such contact with the borrower:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
**(continue on attachment, if more space is needed).**

Date: 11/04/08

By: _Lonna Cross_
(name of person signing and their corporate title)

Lonna Cross
Senior Manager

# EXHIBIT "4"

EDWARD LOPEZ

PAGE  46

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

**REDACTED**

Old Republic
Default Management Services
P.O. Box 250
Orange, CA 92856-6250

Trustee Sale No. 08-11404    Loan No.              Title Order No.

Space above this line for recorder's use only

# SUBSTITUTION OF TRUSTEE

WHEREAS, JOE BAZO AND VERENA BAZO, HUSBAND AND WIFE, AS JOINT TENANTS, was the original Trustor, T.D. SERVICE CO., A CALIFORNIA CORPORATION, was the original Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE, was the original Beneficiary under that certain Deed of Trust dated 07/19/2007, Recorded on 07/27/07 AS INSTRUMENT NO 20071777124 of official records in the office of the Recorder of Los Angeles County, California, and

WHEREAS, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE, the undersigned, is the present Beneficiary under said Deed of Trust, and,

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in the place of and instead of said original Trustee thereunder.

Now, THEREFORE, the undersigned Beneficiary hereby substitutes Old Republic Default Management Services, a division of Old Republic National Title Insurance Company, Trustee of Said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number indicates the plural.

DATE: 8-22-08

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR SAXON MORTGAGE SERVICES

Alfonzo Greene  VP

Matthew Allan Banaszewski

STATE OF    MN

COUNTY OF    Dakota

5-22-08    before me, _____, a Notary Public in and for said county.

personally appeared Alfonzo Greene _____,
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
ure(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Public in and for said County and State

Matthew Allan Banaszewski
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011

1

EDWARD LOPEZ

# AFFIDAVIT

TS NO : 08-11404
Loan NO:

STATE OF      **CALIFORNIA**
COUNTY OF    **ORANGE**

I, **Glenn Millan** declare that I am over the age of eighteen years; an officer, agent or employee of Old Republic Default Management Services, whose business address is:

> 500 City Parkway West, Suite 200
> Orange, Ca 92868

On **_01-23-2009_** Certified and First Class mail, enclosed in a sealed envelope with postage fully prepaid, I deposited in the United States Mail, a copy of the attached Substitution of Trustee to the trustee of record under the Deed of Trust described in said Substitution, and;

A copy of the attached Substitution has been mailed prior to the recording thereof, in the manner provided in Section 2924 (b) of the Civil Code of the State of California to all persons to whom a copy of the Notice of Default would be required to be mailed by the provisions of said section.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **_01-23-2009_**

BY: **Glenn Millan, Trustee Assistant**

EDWARD LOPEZ

# Exhibit "5"

EDMUND LOPEZ

WHEN RECORDED M.  .O

Lake Two, LLC
PO BOX 1085
Burbank, Ca, 91507

MAIL TAX STATEMENTS TO

Lake Two, LLC
PO BOX 1085
Burbank, Ca, 91507

**REDACTED**



08/31/2009

*20091339629*

Space above this line for recorder's use only

Trustee Sale No. 08-11404     Loan No.          Title Order No.

## TRUSTEE'S DEED UPON SALE

TRANSFER TAX
NOT A PUBLIC RECORD

APN 7553-013-057   T.R.A. No. 016-200-07-000
The undersigned grantor declares:
1)     The Grantee herein was not the foreclosing beneficiary.
2)     The amount of the unpaid debt together with costs was .......................................... ..    . ..
3)     The amount paid by the grantee at the trustee sale was................................................
4)     The documentary transfer tax is................................................................................$
5)     Said property is in Lomita
and Old Republic Default Management Services, a Division of Old Republic National Title Insurance Company (herein
called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and
convey, but without covenant or warranty, express or implied, to Lake Two, LLC (herein called Grantee), all of its right,
title and interest in and to that certain property situated in the County of Los Angeles, State of California, described as
follows:  A CONDOMINIUM COMPRISED OF;

PARCEL 1:
AN UNDIVIDED 1/8th INTEREST IN AND TO LOT 2 OF TRACT NO. 46981, IN THE CITY OF LOMITA, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1231, PAGES 67 AND 68, OF
MAPS.

EXCEPT THEREFROM CONDOMINIUM UNITS 1 TO 8, INCLUSIVE, AS SHOWN AND DEFINED UPON THE
CONDOMINIUM PLAN RECORDED NOVEMBER 8, 1998, AS INSTRUMENT NO. 98- 2040348, OF OFFICIAL
RECORDS.

PARCEL 2:
UNIT 8, AS SHOWN AND DEFINED UPON THE CONDOMINIUM PLAN REFERRED TO IN PARCEL 1 ABOVE.

PARCEL 3:
AN EXCLUSIVE USE, COMMON AREA FOR PARKING PURPOSES ONLY, TO BE APPURTENANT TO PARCELS 1
AND 2, ABOVE, IN, OVER, ACROSS AND THROUGH THAT PORTION OF THE COMMON AREA CONSISTING OF
8P AS SHOWN AND DEFINED ON SAID CONDOMINIUM PLAN.
COMMONLY KNOWN AS: 25968 ESHELMAN AVENUE, LOMITA, CA 90717
RECITALS:
This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated
07/19/2007 and executed by JOE BAZO AND VERENA BAZO, HUSBAND AND WIFE, AS JOINT TENANTS, as
Trustor, and Recorded on 07/27/07 AS INSTRUMENT NO. 20071777124 of official records of Los Angeles County,
California, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the
Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or
the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a
Sale have been complied with.

Trustee Sale No. 08-11404
Loan No.
Title Order No.

REDACTED

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on 08/20/2009. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $406,000.00 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

DATE: 8/24/09

Old Republic Default Management Services, A Division of Old Republic National Title Insurance Company

Esther Valenzuela, VP Foreclosure Trustee Services

STATE OF California
COUNTY OF Orange

On 8/24/09 before me, Reinen Borunda , a Notary Public in and for said county, personally appeared Esther Valenzuela, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public in and for said County and State

RENEA BORUNDA
Commission # 1831328
Notary Public - California
Orange County
My Comm. Expires Jan 16, 2013

2

11/04/2009  08:04    8189016098                EDWARD LOPEZ                    PAGE  51

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Joseph Bazo v. Saxon Mortgage | C06 08 27 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL _____ ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ | A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ | A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ | A6070  Asbestos Property Damage | 2. |
| | | ☐ | A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ | A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ | A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ | A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ | A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ | A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ | A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ | A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ | A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ | A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ | A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☑ | A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

11/04/2009   08:04    8189___098                    EDWARD LOPEZ                              PAGE   52

| SHORT TITLE: Joseph Bazo v. Saxon Mortgage | CASE NUMBER: YC060827 |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☑ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☑ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☑ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)                          **CIVIL CASE COVER SHEET ADDENDUM**                  LASC, rule 2.0
LASC Approved 03-04                              **AND STATEMENT OF LOCATION**                          Page 2 of 4

11/04/2009  08:04    8185   ,098                    EDWARD LOPEZ                    PAGE   53

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Joseph Bazo v. Saxon Mortgage | YC060827 |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental   (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)                    **CIVIL CASE COVER SHEET ADDENDUM**                    LASC, rule 2.0
LASC Approved 03-04                       **AND STATEMENT OF LOCATION**                          Page 3 of 4

11/04/2009  08:04    8189016098                    EDWARD LOPEZ                        PAGE   54

| SHORT TITLE:<br>Joseph Bazo v. Saxon Mortgage | CASE NUMBER:<br>YC060827 |
|---|---|

Item III. *Statement of Location*: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>25968 Eshelman Avenue | |
|---|---|---|
| CITY:<br>Lomita | STATE:<br>CA | ZIP CODE:<br>91717 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Torrance</u> courthouse in the <u>Southwest</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>October 2, 2009</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)         **CIVIL CASE COVER SHEET ADDENDUM**          LASC, rule 2.0<br>LASC Approved 03-04              **AND STATEMENT OF LOCATION**              Page 4 of 4

- 113 -

EDWARD LOPEZ                                    PAGE 55

11/04/2009  08:04    8189016098

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

EDWARD LOPEZ, State Bar 044558
LAW OFFICE OF EDWARD LOPEZ, APC
14640 Victory Boulevard, Suite 215
Van Nuys, California 91411
TELEPHONE NO.: (818) 901-6598    FAX NO.: (818) 901-6098
ATTORNEY FOR (name): Plaintiffs Joseph Bazo, Verena Bazo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 825 Maple Street
MAILING ADDRESS: 825 Maple Street
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Southwest District, Torrance Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: YC060827 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[✓] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 2, 2009

(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller
    - Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**EXHIBIT C**

1  **KRALIK & JACOBS LLP**
   LOIS MOONITZ JACOBS, NO. 106537
2  e-mail: lois.jacobs@kralikjacobs.com
3  35 North Lake Avenue, Suite 620
   Pasadena, California 91101
4  Telephone: (626) 844-3505
   Facsimile: (626) 844-7643
5

6  Attorneys for Defendant
   Secured Bankers Mortgage Company, dba
7  SBMC Mortgage

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF LOS ANGELES

11

| 12  JOSEPH BAZO, a.k.a., JOE BAZO, VERENA BAZO, | Case No. YC060827 |
|---|---|
| 14          Plaintiffs, | **NOTICE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA AND PLAINTIFFS JOSEPH BAZO, a.k.a. JOE BAZO AND VERENA BAZO OF REMOVAL OF ACTION TO FEDERAL COURT** |
| 15     vs. | |
| 16  SAXON MORTGAGE SERVICES, INC.; SBMC MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; T.D. SERVICE CO.; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, A DIVISION OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY' LAKE TWO, LLC; DOES 1 Through 50, Inclusive, | Complaint Filed:    Oct. 15, 2009<br>Trial Date:          None set |
| 21 | |
| 22          Defendants. | |

23

24

25

26

27

28

-1-

1  **TO THE CLERK OF THE ABOVE-ENTITELD COURT AND TO PLAINTIFFS**

2  **JOSEPH BAZO AND VERENA BAZO AND THEIR ATTORNEY OF RECORD:**

3        **PLEASE TAKE NOTICE** that on November 19, 2009, defendant Secured Bankers

4  Mortgage Company, also named herein and doing business as "SBMC Mortgage," filed in the

5  United States District Court for the Central District of California a Notice of Removal of this

6  action to the United States District Court. A copy of the Notice of Removal is attached hereto as

7  Exhibit A and is served and filed herewith.

8        **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d), the filing

9  of the Notice of Removal in the United States District Court, together with the filing of a copy of

10  the Notice of Removal with the Superior Court, affects the removal of this action and the

11  Superior Court may proceed no further unless and until the case is remanded.

12

13  Dated: November 19, 2009            KRALIK & JACOBS LLP

14                                   Lois Moonitz Jacobs

15

16                 By:

17                              Lois Moonitz Jacobs

18                              Attorneys for Defendant
                            Secured Bankers Mortgage Company, dba

19                              SBMC Mortgage

20

21

22

23

24

25

26

27

28

**NOTICE TO SUPERIOR COURT OF THE STATE OF CALIFORNIA AND
PLAINTIFFS JOSEPH BAZO, aka JOE BAZO AND VERENA BAZO
OF REMOVAL OF ACTION TO FEDERAL COURT**

**Proof of Service**

The undersigned declares:

I am above the age of eighteen years, and not a party to this action or proceeding.  I am employed in the office of a member of the bar of this court, at whose direction this service is made. My business address is 35 North Lake Avenue, Suite 620, Pasadena, CA 91101.  On November 19, 2009, I served the foregoing **NOTICE OF REMOVAL OF ACTION BY DEFENDANT SECURED BANKERS MORTGAGE COMPANY UNDER 28 U.S.C. §1441** on the defendants and other interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with postage thereon fully prepaid, in the United States Mail at Pasadena, California addressed as follows:

Edward Lopez
LAW OFFICE OF EDWARD LOPEZ, APC
14640 Victory Blvd, Ste 215
Van Nuys, Ca 91411

Richard S. Stone
LAW OFFICE OF RICHARD STONE
1900 S Norfolk St Ste 350
San Mateo, CA 94403

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of November, 2009, in Los Angeles County, California.

_____
Casey Kim

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV09- 8515 MMM (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)         NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOSEPH BAZO, a.k.a., JOE BAZO, VERENA BAZO | SAXON MORTGAGE SERVICES, INC.; SBMC MORTGAGE; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; T.D. SERVICE CO.; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, A DIVISION OF OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY' LAKE TWO, LLC; DOES 1 THROUGH 50, Inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Law Office of Edward Lopez, APC        Tel. (818) 901-6598<br>Edward Lopez<br>14640 Victory Blvd., Suite 215, Van Nuys, CA 91411 | KRALIK & JACOBS LLP     Attorney for SBMC Mortgage<br>Lois Moonitz Jacobs        Tel. (626) 844-3505<br>35 North Lake Avenue, Suite 620    Fax. (626) 844-7643<br>Pasadena, CA 91101 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-8515

**FOR OFFICE USE ONLY:    Case Number:** _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _Ira M Jacobs_    Date November 19, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1    **Proof of Service**

2        The undersigned declares:

3    I am above the age of eighteen years, and not a party to this action or proceeding. I

4    am employed in the office of a member of the bar of this court, at whose direction

5    this service is made. My business address is 35 North Lake Avenue, Suite 620,

6    Pasadena, CA 91101. On November 19, 2009, I served the foregoing **CIVIL**

7    **COVER SHEET** on the defendants and other interested parties in this action by

8    placing a true and correct copy thereof in a sealed envelope, with postage thereon

9    fully prepaid, in the United States Mail at Pasadena, California addressed as

10   follows:

11

12       Edward Lopez

13       LAW OFFICE OF EDWARD LOPEZ, APC
         14640 Victory Blvd, Ste 215

14       Van Nuys, Ca 91411

15

16       Richard S. Stone
         LAW OFFICE OF RICHARD STONE

17       1900 S Norfolk St Ste 350

18       San Mateo, CA 94403

19

20       I declare under penalty of perjury that the foregoing is true and correct.

21   Executed this 19th day of November, 2009, in Los Angeles County, California.

22

23

24

25                           Casey Kim

26

27

28

---

**CIVIL COVER SHEET**